[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a resident of Connecticut, brings this action claiming breach of contract and unjust enrichment against the defendant, an individual residing in Florida. Process was served in accordance with Connecticut's long arm statute. Conn. Gen. Stats. 52-59b. That statute provides, in part, that this court may exercise jurisdiction over any nonresident individual "who in person or through an agent . . . [t]ransacts any business within the state . . . ." The defendant has moved to CT Page 4336 dismiss, pursuant to Conn. Prac. Book 143(2), claiming lack of personal jurisdiction under the statute. Both parties have filed memoranda of law and affidavits and other materials as to facts not apparent on the record.
The defendant owns a controlling interest in a Florida corporation called SPRAY-CRETE Industries, Inc., and, at the time of the events in question in this suit, also controlled and operated another Florida corporation called Design-A-Deck, Inc. The defendant was an officer and director of these corporations. (Defendant's affidavit and attachment to plaintiff's affidavit). In October, 1988, the defendant was attending a trade show in Hartford when he met the plaintiff. At that time, the two men discussed the plaintiff's possible purchase of stock in SPRAY-CRETE Industries, Inc. from the defendant and also the possibility of the plaintiff performing marketing services for Design-A-Deck, Inc. (plaintiff's affidavit and paragraphs 3 and 4 of the first count of the complaint). Subsequently, the defendant traveled to Connecticut to discuss again the plaintiff's possible investment in the corporation. The plaintiff became a distributor of SPRAY-CRETE products in Connecticut pursuant to a contract with that corporation (attachment to plaintiff's affidavit). In December, 1988, the plaintiff sent to the defendant in Florida a "Letter of Intent" concerning the potential stock purchase. By its terms, it was not to be "construed . . . a binding agreement." The defendant signed it in Florida. During the months of November and December, 1988, the plaintiff made several trips to Florida to discuss the stock purchase and the work he was performing for the corporations. (Addendum A to the plaintiff's complaint). Both parties concede that the stock purchase never materialized.
Under Connecticut law, the plaintiff has the burden of proving facts to establish this court's jurisdiction over the defendant. Standard Tallow Corp. v. Towdy, 190 Conn. 48 (1983). Although the statute in question does not define the phrase "transacts any business within the state", our supreme court has held that "a single purposeful business transaction" may satisfy the statutory criterion. Zartolas v. Nisenfeld, 184 Conn. 471,474 (1981). Based on those rules, this court finds that the plaintiff has not proved that the defendant transacted any business in Connecticut so as to subject him to the court's jurisdiction. The only activities which the defendant transacted as an individual with the plaintiff concerned the planned but never consummated sale of stock to him. These discussions took place in Connecticut and in Florida. However, the parties never reached an agreement on the subject, and it died on the vine. That transaction or, more accurately, non-transaction is not the subject of this suit. Unlike the situation in Zartolas v. Nisenfeld, supra, where a sale of real CT Page 4337 property actually took place and became the subject of the lawsuit, the activities of the defendant with respect to the stock sale in this case did not "embrace a single purposeful business transaction." All of the other allegations and evidence concerning the subject matter of this lawsuit relate to the business activities of Florida corporations within and outside Connecticut. The principal claim of the plaintiff is that he is owed for marketing services, and attendant expenses, performed for Design-A-Deck or SPRAY-CRETE Industries, both Florida corporations. Thus any activities of the defendant in hiring the plaintiff to perform those services were undertaken as agent of the corporations. Those activities, therefore, did not constitute business transactions by the defendant but rather by the corporation which employed him. Implicit in this view of the case, of course, is the possibility that the corporations would be subject to the court's jurisdiction. But the plaintiff chose to sue the defendant individually, and there is no evidence before the court to establish that he ever transacted business as an individual in this state.
For all of the above reasons, the defendant's motion to dismiss is granted.
MALONEY, J.