[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs instituted the present action against the corporate defendant, and various individuals who are alleged to be officers and directors, asserting claims of breach of contract with respect to an Employment Agreement and a Stock Purchase Agreement. The plaintiffs claim monetary damages and a recision of the Stock Purchase Agreement.
Defendant, Robert Johnson, has filed a motion to dismiss the complaint on the ground that the court lacks jurisdiction arising from an insufficiency of the service of process and on the ground that the court cannot exercise jurisdiction over the defendant inasmuch as he is a nonresident of the State of Connecticut. In support of the motion to dismiss, the defendant has filed an affidavit stating that he was a resident of the State of Rhode Island and that, at the time of the institution of the action, he was not a resident of the State of Connecticut and that he knows of no reasons why the court has jurisdiction over his person. The plaintiffs have not filed an opposing affidavit with respect to the basis for the exercise of personal jurisdiction.
With respect to the defendant's initial claim, the court holds that service upon the "Secretary of State" within the meaning of CT Page 2987 General Statutes 52-59b(c) refers to the Secretary of the State of Connecticut and that service of process does not have to be made upon the Secretary of State in Rhode Island. Accordingly, the court holds the service of process was proper.
The plaintiffs claim that the court may exercise personal jurisdiction in accordance with our Long Arm Statute as a result of the transaction of business by the defendant within the meaning of General Statutes 52-59b(a). The basis of exercising personal jurisdiction within the meaning of our statutes has been set forth in such cases as Zartolas v. Nisenfeld, 184 Conn. 471 (1981); Gaudio v. Gaudio, 23 Conn. App. 287 (1990). Where jurisdiction is based upon the application of our Long Arm Statute, the plaintiff has the burden of proof to establish the existence of jurisdiction and there is no presumption of the truth of the plaintiff's allegations as to the facts necessary to confer jurisdiction. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983). In the present case, there is no demonstration of any facts necessary to establish the minimum contacts necessary to confer jurisdiction.
The motion to dismiss is therefore granted.
RUSH, JUDGE