[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs in the above entitled matter have instituted the present litigation against a New York partnership and two nonresident partners seeking to recover sums due under a promissory note executed by the partnership. The defendants have moved to dismiss the action on the ground that the court does not have jurisdiction over the defendants and upon the ground of forum non conveniens.
Following an evidentiary hearing, the court finds that the plaintiff, a Connecticut resident, was the owner of several parcels of land located in the State of New York. The defendants had expressed interest in purchasing one parcel of land for some period of time and in the summer and fall of 1985 the parties discussed the purchase of one piece or property owned by the plaintiff. A meeting was then held at the office of the plaintiff's attorney in Connecticut to negotiate the terms of the contract. However, at CT Page 3551 the three hour meeting, it was agreed that the plaintiff would sell to the defendants the three parcels of land at a purchase price higher than the previously discussed between the parties. The court finds that the agreement giving rise to the present litigation arose as a result of negotiations which took place in the State of Connecticut. Contracts were prepared and a closing took place in Connecticut and documents were signed in Connecticut. The purchase money promissory note was payable in Connecticut but was secured by the New York property and was, by its terms, governed by New York law.
The court finds that the negotiation of the agreements in Connecticut and the subsequent execution of the documents in this state constitutes the transaction of business within the meaning of General Statutes 52-59b(1). On the basis of the evidence and documents submitted, the court concludes that the defendants have purposely availed themselves of the privilege of conducting business activities in this state thereby invoking the benefits and protection of laws of the State of Connecticut within the meaning of such cases as Hanson v. Denckela, 357 U.S. 235,78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Zartola v. Nisenfeld, 184 Conn. 471
(1981); Gaudio v. Gaudio, 23 Conn. App. 287 (1990).
The court further concludes that the facts in the present case are sufficient to establish the "minimum contacts" necessary to satisfy due process requirements under the rules of such cases as International Shoe Co., v. Washington, 326 U.S. 310, 66 S.Ct. 154,90 L.Ed. 95 (1945); Worldwide Volkswagen Corp. v. Woodson, 44 U.S. 286,100 S.Ct. 559, 62 L.Ed.2d 490 (1980). United States Trust Co. v. Bohart, 197 Conn. 34 (1985). The court, therefore, concludes that there is a constitutional exercise of jurisdiction under General Statutes 52-59b(1).
The defendant also claims that the case should be dismissed on the basis of forum non conveniens.
The court finds that the exercise of jurisdiction in the present matter is not inappropriate nor unfair and that a dismissal of the case is not warranted under the rule of such cases as Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839,91 L.Ed. 1055 (1947); Pickett v. International Playtex Inc., 215 Conn. 490
(1990); Union Carbide Corporation v. Aetna Casualty Surety Co.,212 Conn. 311 (1989); Sabino v. Ruffolo, 19 Conn. App. 402 (1989).
Accordingly, the Motion to Dismiss is hereby denied.
RUSH, JUDGE CT Page 3552