[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, a foreign corporation, which does not maintain a place of business in Connecticut, has instituted the present action seeking to recover sums due on two notes executed by the defendant in 1989. The defendant has filed a motion to dismiss the action asserting that he is a citizen and resident of the country of Greece and that, although he is part owner of real property located in the State of Connecticut, jurisdiction in this state does not exist because the property is not the subject matter of the present law suit. The defendant has also moved to dismiss the action based upon the doctrine of forum non conveniens. No claims are made by the defendant relating to the service of process and the decision of the court is not directed to that issue.
Under our law, the plaintiff bears the burden of establishing facts necessary to support the existence of jurisdiction. Lombard Brothers Inc. v. General Assets Management, 190 Conn. 445, 250
(1983). The court decides a motion to dismiss on the basis of the existing record although the court may review supporting affidavits containing undisputed facts for the determination of the jurisdictional issues. Barde v. Board of Trustees, 207 Conn. 58,62 (1988). The affidavits filed by the defendant state that he is a resident and a citizen of Greece; that although he owns property with his daughter in Greenwich, Connecticut, the property has nothing to do with the cause of action asserted by the plaintiff. A subsequent affidavit filed by the defendant states that he is a permanent resident only in Greece and has not been a resident of Connecticut since April 7, 1991.
Oceania Maritime Inc. ("Oceania"), is a New York Corporation with its principal place of business in Stamford, Connecticut and CT Page 967 acts as agent for the plaintiff for the plaintiff's United States business. Affidavits filed on behalf of the plaintiff, establish the following facts which are not disputed or contested by the defendant. The defendant became employed by Oceania as a port captain on or about December 1, 1987 and remained in that capacity until his employment was terminated in 1991; during his period of employment the defendant maintained his office at Oceania's office in Stamford; based upon information furnished by the defendant, the address listed on the W2 forms for the defendant for the years 1988, 1989, 1990 and 1991 list a Connecticut address; the notes which are the subject matter of the present law suit were prepared in Stamford and signed by the defendant in Stamford in Oceania's office. The plaintiff also executed a letter of commitment in July of 1989 indicating that the purpose of the loan was to finance the acquisition of a family residence for the defendant in Connecticut.
The plaintiff does not claim that jurisdiction exists because of the ownership by the defendant of an interest in property located in this state. Plaintiff asserts that the cause of action alleged arises out of the transaction of business by the defendant within this state. Under General Statutes 52-59b, the court may exercise jurisdiction over a nonresident individual who [T]ransacts any business within this state" as to a cause of action arising out of such an act. In the determination of the existence of personal jurisdiction, the court first addresses whether the statute authorizes the exercise of jurisdiction and, if so, whether the assertion of such jurisdiction would offend due process. Frazer v. McGowan, 198 Conn. 243, 246 (1986). The term "transacts any business" within the meaning of the statute embraces a single purposeful business transaction. Zartolas v. Nisenfeld, 184 Conn. 471,474 (1981). While "a single purposeful business transaction" might be sufficient to confer jurisdiction, courts do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the irrelevant factors. Gaudio v. Gaudio, 23 Conn. App. 287, 298 (1990).
In the present case, the plaintiff while employed at a company with offices in Connecticut, and while a resident of Connecticut, executed promissory notes in Connecticut. Such conduct the constitute transactions of business within the meaning of our statute. The court further concludes that the facts in the present case are sufficient to establish the "minimum contacts" necessary to satisfy due process requirements under the rule of such cases as World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286,100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co. v. CT Page 968 Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); United States Trust Co. v. Bohart, 197 Conn. 34 (1985). The conduct of the defendant is such that he purposely availed himself of the privileges of conducting business activities in the State of Connecticut thereby invoking the benefits and protection of our law. See, Hanson v. Dencla, 357 U.S. 235, 78 S.Ct. 1228,2 L.Ed.2d 1283, 1290 (1958).
The defendant also asserts that the case should be dismissed on the grounds of forum non conveniens and asserts that litigation is now taking place in Greece involving related matters. However, it does not appear that the plaintiff is a party to the litigation taking place in Greece. The plaintiff also asserts that there are numerous witnesses in Greece who will testify as to matters relevant to the relationship between the defendant and other parties.
The appropriate inquiry into the application of the doctrine of forum non conveniens is not whether Greece is a good, or even a better forum, but whether Connecticut itself is inappropriate or unfair in view of the public and private interest considerations involved in the litigation. The court finds that the exercise of jurisdiction in the present matter is neither inappropriate nor unfair and that a dismissal of the case is not warranted under the rule of such cases as Gulf Oil Corporation v. Gilbert, 330 U.S. 501,67 S.Ct. 839, 91 L.Ed. 1055 (1947); Pickett v. International Playtex Inc., 215 Conn. 490 (1990); Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311 (1989); Sabino v. Ruffolo, 19 Conn. App. 402 (1989).
Accordingly, the Motion to Dismiss is hereby denied.
RUSH, J.