[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MONROE MEYERSON'S MOTION TO DISMISS
FACTUAL BACKGROUND
On September 1, 1992, the plaintiff, American National Bank ("ANB") filed a complaint against the defendants Centrig Industries, Inc. ("Centrig") and Monroe R. Meyerson ("Meyerson") alleging the nonpayment of three demand loan notes. The following facts are alleged in the plaintiff's complaint.
Between June 16, 1988 and September 4, 1991, Centrig executed three demand loan notes with ANB. On August 5, 1987, Meyerson executed a limited guaranty which absolutely guaranteed the payment of 50% of any debt owed by Centrig in an amount of up to $753,943.00. On February 23, 1989, Meyerson executed a guaranty which absolutely guaranteed any outstanding debt of Centrig.
In this lawsuit, Meyerson filed a motion to dismiss pursuant to Practice Book 143(2), a memorandum of law, and a supporting affidavit. Meyerson argues that this court lacks personal jurisdiction over him because he is a nonresident. Meyerson states in his affidavit that he is a resident of the State of Florida. On October 19, 1993, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss, an affidavit and a copy of the personal guaranty made by Meyerson. The copy of the guaranty CT Page 10732 submitted by the plaintiff is not certified. It is the same guaranty that the plaintiff attached to its complaint. The defendant, however, has not contested the validity of the copy.
DISCUSSION
"Any defendant wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book 142. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). The plaintiff bears the burden of establishing a basis for personal jurisdiction. Hart, Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619,624, 548 A.2d 758 (1988).
In the present case, the plaintiff argues that, based on the following factors, Meyerson was "transacting business" under General Statutes 52-59b(a)(1): (1) in his capacity as president of Centrig, a Connecticut corporation, Meyerson obtained loans from a Connecticut bank for Centrig; (2) Meyerson is the sole stockholder of Centrig; and, (3) Meyerson personally guaranteed loans made to Centrig. Meyerson argues that because no meetings or negotiations for the guaranty took place in Connecticut he was not "transacting business" under General Statutes 52-59b(a)(1).
In Meyerson's affidavit, he states that no meetings or negotiations in connection with the guaranty were conducted in Connecticut. He further states that, to the best of his knowledge, the guaranty was not executed in Connecticut. In an affidavit filed in support of the plaintiff's objection, Charles Browne, a Vice President of Lafayette American Bank and Trust Company which was formerly known as American National Bank, states that he personally witnessed Meyerson execute the guaranties within the boundaries of Connecticut. Regardless of whether Meyerson executed the guaranty in Connecticut, the court can exercise jurisdiction for the reasons discussed below.
Connecticut's analysis of a challenge to personal jurisdiction involves a two part inquiry. Gaudio v. Gaudio, 23 Conn. App. 287,298, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471
(1990). "The first inquiry is whether the applicable long arm statute authorizes the assertion of jurisdiction over the [defendant]; and, if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate CT Page 10733 constitutional principles of due process." Id.
General Statutes 52-59b(a)(1) provides that Connecticut courts may assert personal jurisdiction over a nonresident defendant, as long as that defendant "[t]ransacts any business within the state." "`Transacts any business' has been construed to embrace `a single purposeful business transaction.'" Gaudio, supra, 298.
In Gaudio, supra, the defendant's contacts with Connecticut consisted of the following: (1) the defendant was a sole stockholder of a Connecticut corporation; (2) the defendant traveled to Connecticut at least once; (3) the defendant reached an oral agreement to purchase the stock of a Connecticut corporation in Connecticut; and, (4) the only asset of the corporation was a parcel of commercial real estate in Connecticut. The court found that those facts supported "the conclusion that [the defendant's] purposeful Connecticut related activity sufficiently brought him within the reach of the applicable long arm statute." Id., 299.
In the present case, Meyerson states in his affidavit that he is an officer and shareholder of Centrig, whereas, the plaintiff argues that Meyerson is the president and sole shareholder of Centrig. Meyerson was "transacting business" under General Statutes 52-59b(a)(1) because he is the sole shareholder of Centrig, he obtained a loan for Centrig in his capacity as president, and he personally guaranteed all or part of the loans made to Centrig.
This court must determine whether the facts satisfy the minimum contacts requirement of the due process clause. The plaintiff argues that since the guaranty is supported by collateral security within the jurisdiction, the court should exercise jurisdiction over the guarantor. The plaintiff further argues that Meyerson fails to show how defending a suit in Connecticut would be unfair and inconvenient. Meyerson argues that it is not reasonable nor foreseeable that he would be sued in Connecticut because he merely agreed to provide a limited guaranty for a Connecticut resident. Meyerson also states in his affidavit that it would be extremely burdensome for him to defend the case in Connecticut.
 "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. CT Page 10734 The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.' World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490
(1980)."
Gaudio, supra, 299.
"The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" Hart, supra, 625-26. Furthermore, jurisdiction should not be asserted to make litigation inconvenient for the defendant or unfairly to put the defendant at a disadvantage. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985).
In Hart, each defendant came to Connecticut to negotiate and sign his individual employment contract, and attended quarterly business meetings in Connecticut. Id., 625. The court held that the defendants should have foreseen defending the case in Connecticut courts. Id., 626.
In Zartolas v. Nisenfeld, 184 Conn. 471, 440 A.2d 179 (1981), the defendant executed a warranty deed in Iowa. The deed conveyed certain real estate located in Connecticut. Id., 471-72. Even though the deed was not executed in Connecticut, the deed was executed as an "integral part of a Connecticut real estate transaction. Id., 478. The deed used "terms and procedures commonly associated with business and involves a financial transaction." Id., 475. The court held that it could "exercise personal jurisdiction over the defendants without offending traditional notions of fair play and substantial justice." Id., 478.
In the present case, Meyerson personally guaranteed loans made to Centrig by ANB. The guaranty, submitted as an exhibit with the plaintiff's memorandum granted ANB the following:
 a security interest in, a general lien upon and/or right of set-off of, the following: The CT Page 10735 balance of every deposit account, now or hereafter existing, of [Meyerson] with [ANB] and any other claim of [Meyerson] against [ANB], now or hereafter existing, and all money, instruments, securities, documents, chattel paper, credits, claims, demands and any other property, rights and interests of [Meyerson], which at any time shall come into the possession or custody or under the control of [ANB] . . . .
The guaranty also contains a clause which states: "This guaranty and all rights, obligations, and liabilities arising hereunder shall be construed according to the laws of the State of Connecticut." The plaintiff argues that this is a forum selection clause. By personally guaranteeing a loan for a Connecticut corporation, and securing that guaranty with assets that ANB may have control over, Meyerson should have foreseen the potential of defending a suit in Connecticut. Although Meyerson states in his affidavit that he did not execute the guaranty in Connecticut, even if the guaranty were not executed in Connecticut, it was executed as an integral part of a Connecticut transaction. Zartolas v. Nisenfeld, supra, 478. Therefore, this court can exercise personal jurisdiction over the defendant. Id.
CONCLUSION
Based on the foregoing, this Court concludes that the defendant Monroe Meyerson's contacts are sufficient for personal jurisdiction to be asserted without violating traditional notions of fair play and substantial justice. Accordingly, the defendant Monroe Meyerson's Motion to Dismiss is denied.
So ordered.
Michael Hartmere, Judge CT Page 10736
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 10739-S