[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action for libel against a non-resident of the state. The plaintiffs claim that there is personal jurisdiction over the defendant because of the long arm statute, 52-59b C.G.S. The defendant has filed a motion to dismiss claiming that there is no jurisdiction under the long arm statute and that the defendant was improperly served.
The plaintiff has the burden of proof of establishing facts showing personal jurisdiction over the defendant. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53, 54. The defendant concedes that if the long arm statute applies that service was properly made under 52-59b(c) of the General Statutes.
The plaintiffs rely upon 52-59b(a)(1) which allows a Connecticut court to exercise personal jurisdiction over any non-resident individual who transacts business within the state. [They do not rely upon the portion of the same statute which gives jurisdiction where a defendant commits tortious acts either within the state or tortious acts outside the state which injures any person within the state, because actions for defamation of character are exempted from those provisions]. The defendant in this case has commenced a civil action against the plaintiffs and others in this court. The complaint in that action alleges prior contract negotiations in Connecticut between the defendant and the plaintiff Robert Zeff. The phrase "transacts any business" in the statute covers any single purposeful transaction. Zartolas v. Nisenfeld, 184 Conn. 471,474. Personal jurisdiction can exist when a non-resident comes to Connecticut to negotiate a contract. Gaudio v. Gaudio,23 Conn. App. 287, 298, 299. See also Computer Assistance Inc. v. Morris, 564 F. Sup. 1054, 1059 (D. Conn. 1983). Where the statutory requirements of the long arm statute are met, the next question is whether the exercise of personal jurisdiction over the defendant violates constitutional principles of due process. Frazer v. McGowan, 198 Conn. 243, 246. The defendant obviously has to come to Connecticut to pursue his lawsuit, which claims breach of contract, negligent misrepresentation, and tortious interference with a contract and business expectancy. While it occurred later, it is apparent that the basis for the libel claim in this action springs out of the business problems between the parties which led to the defendant's prior suit against the plaintiff. Under the circumstances, the contract negotiations which occurred in Connecticut and the civil action commenced by the defendant resulting from it amount to transaction of business in this state. The two considerations for due process analysis under the minimum contacts doctrine are foreseeability and fairness. United States CT Page 11115 Trust Co. v. Bohart, 197 Conn. 34, 41. Having elected to use the Connecticut courts for his own purposes, the defendant can hardly claim that his opponent subjects him to litigation in the same courts.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE