[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Jan Abraham and Marie Du Toit, instituted this proceeding on November 7, 1988, alleging in two counts that Strategic Minerals Corporation (hereafter "Strategic") and Vametco Minerals Corporation (hereafter "Vametco"), a Strategic subsidiary, were responsible for injuries sustained by Jan Abraham while in the course of his employment at defendants' mining operation located in Bophuthatswana, South Africa. The complaint alleges that on or about October 30, 1986, Jan Abraham, while working alongside a gravel hopper, suffered extensive injuries when the hopper broke away from its supports and struck him. Count one alleges negligence and is lodged against both defendants. Count two asserts loss of consortium on behalf of Marie, also against both Strategic and Vametco.
On April 29, 1991, Strategic and Vametco (hereinafter "defendants") filed a motion to dismiss the plaintiffs' action on the grounds that: (1) personal jurisdiction did not exist over the defendants under the Connecticut Long-Arm Statute; and (2) the defendants did not have contacts with Connecticut sufficient to satisfy the requirements of CT Page 9055 constitutional due process. On July 21, 1992, the court (Rodriguez, J.) denied the defendants' motion to dismiss for lack of in personam jurisdiction on the basis that evidence regarding the extent of the defendants' operations in Connecticut indicated that both of the defendants submitted itself to the jurisdiction. The court further found that an allegation of the plaintiffs, i.e., that the cause of action arose from the defendants' actions in Connecticut, was sufficient to defeat the motion. The rationale therefore was that the plaintiffs submitted evidence that a Strategic employee based in Danbury conducted safety inspections of the defendants' mine in South Africa.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702.
The grounds which may be asserted in such a motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686.
"As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and the duty to exercise that power." Sabino v. Ruffolo, 19 Conn. App. 402, 405. The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. Gulf Oil v. Gilbert, 330 U.S. 501, 507,67 S.Ct. 839,91 L.Ed. 1055 (1947). This common law doctrine is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved. Sabino v. Ruffolo, supra, 405-406. It may be noted that a court does have the authority to entertain and adjudicate a motion to dismiss on the grounds of forum non conveniens. Union Carbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311, 314.
The court in Union Carbide acknowledged that the guidelines stated in Gulf Oil provide a useful frame of reference for a trial court in the exercise of that court's discretion to decide "`where trial will best serve the convenience of the parties and the ends of justice.'" Union Carbide Corporation v. Aetna Casualty Surety Co., supra, 319, quoting Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 527, 67 S.Ct. 828,91 L.Ed. 1067 (1947); Picketts v. International Playtex, Inc., 215 Conn. 490, CT Page 9056 497.
Those guidelines outlined by the Supreme Court in Gulf include, inter alia, the following:
 An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation. . . . There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. Gulf Oil v. Gilbert, supra, 508-09.
Our court, in addressing whether the trial court abused its discretion in granting a motion to dismiss on the ground of forum non conveniens, has discussed the principles to be applied in ruling on a motion based on the doctrine. Picketts v. International Playtex, Inc., supra, 497.
The factual predicate for Picketts was that Linda Ann Picketts died in British Columbia, Canada of toxic shock syndrome allegedly caused by a defectively designed Playtex tampon. She, her husband and their minor children, all Canadian citizens, brought an action in Connecticut against three Playtex companies, two of whom had their principal place of business in Stamford, Connecticut. The defendants therein moved to dismiss the complaint on the ground that Connecticut was not a proper forum and the trial court granted the motion to dismiss.
The court in Picketts enunciated the central theme of the forum non conveniens doctrine and stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In so doing, it relied on Gulf Oil v. Gilbert, supra, 508. The court in Picketts continued by saying that Connecticut continues to have a responsibility to those foreign plaintiffs who CT Page 9057 properly invoke the jurisdiction of this forum, especially in the somewhat unusual situation where it is the forum resident who seeks dismissal. The court in Picketts then turned to an analysis of whether the plaintiffs' chosen forum would be inconvenient to potential witnesses for the defense, and stated that the defendants must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify dismissal. A party seeking to transfer a case for the convenience of witnesses, must identify the key witnesses to be called and must make a general statement of what the content of their testimony will be. Sufficient information must be included in the affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is material. The burden is on the party seeking dismissal to identify the names and locations of potential witnesses and the substance of their testimony. Picketts v. International Playtex, Inc., supra, 509-510.
In the present case, the defendants argue that an alternative forum exists for the prosecution of this action and postulate that they have met their burden of proof on the private interest factors as suggested in Gulf Oil. As authority for this proposition, the defendants cite the difficulty and expense of arranging for the attendance at trial of witnesses, experts and employees. Moreover, argue the defendants, the language barrier which would necessitate interpreters is more than a negligible inconvenience.
The defendants also argue that they have met their burden of proof on the public interest factors and rely upon what they declare to be an enormous difficulty for a Connecticut court to construe conflicting expert testimony on numerous questions of Bophuthatswana law. The uncertainty and time consuming task of interpreting such questions, argue the defendants, weigh in favor of dismissal. They conclude their argument by asserting that Strategic is entitled to dismissal of the action against it based on the doctrine of res judicata, in that the Pennsylvania Federal District Court rendered a decision in its favor.
The plaintiffs respond that neither Bophuthatswana nor South Africa is an adequate alternative forum so that the threshold requirement for forum nonconveniens analysis has not been met. They claim, inter alia, that the independent nature of the Bophuthatswana legislature, its status as a tribal homeland, and the fact that the United States has not recognized the sovereignty of Bophuthatswana militate against the defendants' arguments. They also assert that the defendants have not met their burden of proof on the private interest factors in that they have provided no CT Page 9058 evidence of specific inconvenience, names of witnesses, or the substance of potential witness testimony.
The plaintiffs continue to support their contention that the defendants have not met their burden of proof on the public interest factors in that Connecticut courts are more than capable of applying foreign law. They cite to the myriad of minimum contacts between this jurisdiction and the location of the injury to support Connecticut's interest in this action. The final problem they address involves the dismissal of Strategic's case by a Pennsylvania District Court. They contend that such dismissal is not res judicata in our court.
In this proceeding, the record is barren of any evidence which establishes, with specificity, that the key witnesses the defendants intend to call or any representation or general statement of what their testimony will be. While true that the defendants have attached to their motion an affidavit of the managing director of the defendants' mine, that affidavit only addresses an alleged lack of minimum contacts on the part of the defendants, an issue already rendered moot by the court (Rodriguez, J.). In addition, a second affidavit, that of an expert on South African affairs, addresses the various legislative powers of the Republic of Bophuthatswana. Neither affidavit nor any other evidence contained in the record satisfies the Picketts mandate that sufficient information be included in affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is material.
Before leaving the rationale of Picketts, it is interesting to note some of the language utilized therein, "[j]et travel and satellite communications have significantly altered the meaning of `non conveniens'; [citations omitted]; so too has the advent of the videotaped deposition greatly transformed the meaning of `compulsory process' in a forum non conveniens calculus." Picketts v. International Playtex, Inc., supra, 511. Given the factors that the defendants, by not sufficiently apprising the court of the key witnesses to be called and the nature of their testimony, have not sustained their burden of proving that the private interest factors weigh heavily in their favor, and in view of the legal uncertainties of maintaining a cause of action in Bophuthatswana, the plaintiffs' choice of forum should not be disturbed.
Regarding Strategic's claim that it is entitled to dismissal of the action against it based on res judicata, "[r]es judicata is not included among the permissible grounds on which to base a CT Page 9059 motion to dismiss." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687. The defense of res judicata must be specially pleaded in accordance with Practice Book, Sec. 164. Anderson v. Latimer Point Management Corporation, 208 Conn. 256, 263. It necessarily follows that disposition based on res judicata is properly accomplished through a motion for summary judgment, not a motion to dismiss. Zizka v. Water Pollution Control Authority, supra.
The motion to dismiss on that basis is not properly before the court. In accordance with the foregoing, the motion is denied.
Moraghan, J.