[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 16, 1993, the plaintiff (hereafter "Commerce") filed a complaint seeking damages against Paul Carroccio (hereafter "defendant") for his alleged failure to pay the amounts due under a promissory note. That complaint alleges that the defendant promised to pay to the order of Brookfield Bank the sum of one hundred fifty thousand ($150,000) dollars.[1] Evidence thereof is found in a Revolving Commercial Loan Agreement executed between the parties. The plaintiff alleges that it has made due demand upon the defendant borrower, but that the defendant has failed, neglected and refused to pay the amounts due under the note.
The defendant has filed a motion to dismiss the present action for lack of in personam jurisdiction on the premise that he was a resident of the State of Vermont and had no contact with Connecticut sufficient to confer jurisdiction over his person in this state.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and, (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686. "If a court lacks jurisdiction over a person, the court has no authority to award a judgment against that person." Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., 227 Conn. 175, 196. Section 52-59b of the General Statutes provides, in part, that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state. . . ."
In his memorandum of law in support of his motion to dismiss, the defendant argues that Sec. 52-59b does not define the phrase "transacts any business," therefore, he claims that the court should hold an evidentiary hearing based on factual questions raised by his motion.[2]
He argues, in the alternative, that the court should consider dismissing this action based on the principle of forum non conveniens. CT Page 4048
Commerce argues that since the defendant (1) borrowed money from a Connecticut bank; (2) tendered checks to be drawn on a Connecticut bank; and, (3) signed a document in which the defendant expressly consented to jurisdiction in Connecticut, that jurisdiction can be asserted under the "long-arm" statute. (Section 52-59b of the General Statutes.) Analysis of a due process challenge to personal jurisdiction is a two-step process. First, we must inquire into the foundation, under state law, of the trial court's assertion of jurisdiction over the defendants. Only if personal jurisdiction has attached under state law do we reach the constitutional question of whether due process is offended thereby. The plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant. United States Trust Co., v. Bohart, 197 Conn. 34, 38. The General Statutes do not define what the phrase "transacts any business" means in the context of Sec. 52-59b. The legislature used New York Civil Practice Law, Sec. 302 as a model when it enacted Sec. 52-59b, and the Connecticut Supreme Court has been guided by the judicial interpretation given to that New York statute. Zartolas v. Nisenfeld,184 Conn. 471, 474.
In Catalyst Energy Development Corporation v. Iron Mountain Mines, Inc., 630 F. Sup. 1314, 1316-1317 (S.D.N.Y. 1986), a New York corporation brought an action against IMMI, a California corporation, to recover on a promissory note executed by the defendant in California. The plaintiff in Catalyst invoked New York's long-arm statute, Sec. 302 of the New York Civil Practice Law.[3] The defendant corporation moved to dismiss the complaint based upon insufficient contacts with New York. In denying the defendant's motion, the court in Catalyst stated that "the totality of defendant's contacts with New York convinces us that plaintiff has at least made a prima facie showing that IMMI could `reasonably anticipate being haled into court' in New York." In addition to the deposit of funds at defendant's direction in its New York bank account, the following factors add to IMMI's New York contacts: (1) the note was made payable in New York; (2) the note was to be governed and construed in accordance with New York law; and (3) defendant directed telephone and written communications to New York in connection with the making of the note. See also Compania v. Papahohos, Superior Court, Judicial District of Stamford/Norwalk at Stamford, No. 125736 (January 11, 1993, Rush, J.) (a defendant who executed promissory notes while employed at a company with offices in Connecticut was found to have transacted business within the meaning of Sec. 52-59b); Connecticut National Bank v. Metz, Judicial District of Stamford/Norwalk at Stamford, No. 120043 (December 4, 1991) (court has jurisdiction where the defendant delivered the executed notes to the Connecticut bank, agreed to repay the notes at any branch office located within Connecticut, and CT Page 4049 agreed to the interest determined by the plaintiff bank).
The initial inquiry by the court focuses upon deciding whether or not Sec. 52-59b authorizes the assertion of jurisdiction over the defendant. Frazer v. McGowan, 198 Conn. 243, 246. In the present case, the defendant, as previously set forth, borrowed money from a Connecticut bank pursuant to a Revolving Commercial Loan Agreement, which he originally requested from the plaintiff. (See the defendant's deposition dated December 23, 1993, p. 26.) The agreement provides that the defendant promised to pay to the order of Brookfield Bank, and the Commercial Transaction Waiver and Consent form, signed by the defendant, provides that the defendant consents to the jurisdiction of any state or federal court within Connecticut. He signed both documents and listed his address, in part, as Old New Milford Road, Brookfield, Connecticut. His announced intent in securing the line of credit was to finance, almost entirely, the construction of his house in Vermont. (Defendant's deposition dated December 23, 1993, p. 33.) In order to draw on the equity line, the defendant was required to open a checking account. He would then call the bank, wherein the bank would take money from the line and put it into the defendant's checking account. (Defendant's deposition dated December 23, 1993, pp. 36-37.) He reinstated the credit line annually by making a request every year and then sending the bank a check in the amount of one (1) percent of the line of credit. (Defendant's deposition dated December 23, 1993, p. 47.)
In addition, the note (1) was made payable in Connecticut, (2) was to be governed and construed pursuant to Connecticut Law; and (3) was originally requested, and later executed and annually reinstated pursuant to telephone and mail communications generated in part by actions of the defendant. Communications between a party in Connecticut and a party outside Connecticut can constitute doing business in Connecticut so as to subject the out-of-state party to in personam jurisdiction. See MS/C Communications, Inc. v. Seena Hamilton, et al., 2 Conn. L. Rptr. 247, 248, 249 (August 8, 1990 Spear, J.). The term "transacts any business" has been held to embrace a single purposeful business transaction; Zartolas v. Nisenfeld, supra. It cannot be seriously argued that the actions of the defendant constitute, at the very least, a single purposeful transaction sufficient to confer jurisdiction under our long-arm statute.
In addressing the second step in the analysis, this court concludes that the plaintiff has established the sufficient "minimum contacts" necessary to comport with the due process requirements under the rule of such cases as World-Wide Volkswagon Corporation v. Woodson, 444 U.S. 286,100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co. v. CT Page 4050 Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Frazer v. McGowan supra, 243; United States Trust Co. v. Bohart, supra. A review of the record in this case discloses that the defendant owns a consulting firm located in Connecticut. (Defendant's deposition dated December 23, 1993, p. 8.) He is presently involved in real estate investments in both Vermont and Connecticut. (Defendant's deposition dated December 23, 1993, p. 8.) He is a fifty (50) percent shareholder in a corporation located in Connecticut which has commercial real estate holdings, and is also a shareowner in three Connecticut partnerships, all of whom own property in Connecticut. (Defendant's deposition dated December 23, 1993, pp. 9-10.) As an experienced investor with a keen business acumen, he availed himself of the benefits of conducting business in this state. Therefore, the court finds that it was natural for him to anticipate that he might be haled into court in Connecticut to defend any one of his business ventures, one of which includes the borrowing and subsequent failure to pay the amounts due under a promissory note. It concludes that there is a constitutional exercise of jurisdiction pursuant to General Statutes, Sec. 52-59b(1).
The defendant also claims that the case should be dismissed on the basis of forum non conveniens. "As a rule, when a court finds it has jurisdiction over a cause of action, it has both the right and duty to exercise that power." "The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Sabino v. Ruffolo 19 Conn. App. 402, 405, citing Gulf Oil v. Gilbert,330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). "This common law doctrine . . . is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved." Sabino v. Ruffolo, supra, 405-406. This court has noted in the past that it has the authority to entertain and adjudicate a motion to dismiss on the grounds of forum non conveniens. See Du Toit v. Strategic Minerals Corporation, 8 CSCR 967
(October 4, 1993).
In Union Carbide Corporation v. Aetna Casualty Surety Co., the court acknowledged that the guidelines as set forth in Gulf Oil v. Gilbert, supra, 508-09, "provide a useful frame of reference for a trial court in the exercise of that court's discretion to decide `where trial will best serve the convenience of the parties and the ends of justice.'" (Citations omitted.) Du Toit v. Strategic Minerals Corporation, supra, 967. Those guidelines outlined by the Supreme Court in Gulf include, inter alia, the following: CT Page 4051
An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of viewing premises if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.
In his supplemental memorandum of law in support of his motion to dismiss, the defendant postulates that if he is required to defend the instant suit in and Connecticut, it would result in his bearing a considerable expense and inconvenience. He argues that since this cause of action was assigned to a plaintiff located in Oregon by a Connecticut bank no longer in existence, the State of Vermont is an adequate alternate forum. The defendant's proffer falls far short of what is required in meeting his burden of proof with regard to the interest factors suggested in Gulf Oil. See Compania v. Papaliolios, supra; Du Toit v. Strategic Minerals Corporation, supra.
The exercise of jurisdiction, in this instance, is both appropriate and fair, and a dismissal of the case is not warranted on either theory.
Moraghan, J.