[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4302
Factual and Procedural Background
The plaintiff, Diversified Financial Systems, Inc. ("DFSI"), filed a one count complaint seeking collection on a debt owed by the defendants John and June Castelli. DFSI is an Indiana corporation with a principal place of business in Fort Wayne, Indiana. The defendants reside in Massachusetts. The promissory note that is the subject of this action was signed in Hartford, Connecticut, in 1988.
On March 13, 1995, the defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue or forum non conveniens, and insufficient service of process.
The plaintiff did not file an objection to the motion to dismiss.
Discussion
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upsonv. State, 190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983). "[W]hen a motion to dismiss does not seek to introduce facts outside the record it . . . admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff.American Laundry Machine, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
In analyzing a challenge to personal jurisdiction over a nonresident, the court must first inquire whether the long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. Frazer v. McGowan, 198 Conn. 243,246, 502 A.2d 905 (1986). If the statute authorizes jurisdiction, the next question is whether it would offend due process to assert jurisdiction. Id. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v.Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985).
Although the plaintiff does not provide the court with the statutory basis on which it relies for jurisdiction, the only statute apparently applicable is General Statutes § 52-59b. The act of signing a promissory note from a bank in CT Page 4303 Connecticut arguably falls within General Statutes § 52-59b(a)(1): "Transacts any business within the state." That phrase has been construed so as to include "a single purposeful business transaction." Zarlotas v. Nisenfeld, 184 Conn. 471,474, 440 A.2d 179 (1981).
Once jurisdiction is challenged, the plaintiff has the burden of proving that minimum contacts are present. StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983). In determining whether minimum contacts are present, the court will "balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Zarlotas v. Nisenfeld, supra, 184 Conn. 477.
The plaintiff has not filed an objection, has not filed any affidavits, and did not request an evidentiary hearing on additional facts which would establish jurisdiction. Presumably, the plaintiff relies on the allegation in the complaint that the original note was signed in Connecticut. There are no facts concerning whether the money from the note was used to conduct business in Connecticut, or to obtain property in Connecticut, or whether the note demonstrates that the defendants consented to Connecticut jurisdiction, which are factors that the court could examine for the purposes of a balancing test. See, e.g., R.O.I. Development Corp. v. Weiss,8 Conn. L. Rptr. 122 (December 22, 1992, Dunn, J.) (holding that a single contract signed in Connecticut does not necessarily satisfy minimum contacts); People's Bank v. Zadora, 7 CSCR 1205
(September 22, 1992, Pickett, J.) (holding that signing contract in Connecticut, without more, does not satisfy minimum contacts).
The present case is distinguishable from cases such as First Commerce of America v. Carroccio,11 Conn. L. Rptr. 384 (April 19, 1994, Moraghan, J.), because the plaintiff failed to present additional facts to be weighed in the balancing test. In First Commerce, there was evidence before the court showing that the defendant borrowed money from a Connecticut bank and that the note was assigned to an Oregon bank. There was additional evidence that the defendant expressly consented to Connecticut jurisdiction, that he tendered checks to be drawn on a Connecticut bank, that he lived in Connecticut when he signed the note, that he owned a consulting firm located in Connecticut, that he was involved in real estate investments in Connecticut and that he was a shareholder in three Connecticut corporations. CT Page 4304
In contrast, the defendants, by way of an affidavit dated March 27, 1995, have attested to the fact that they are not residents of Connecticut, that they do not own real estate in the state, that they do not have a motor vehicle registered in the state, and that they do not have a usual place of business or business ties in the state.
III. Conclusion
The plaintiff has not sustained its burden of proving minimum contacts. No other subsection of Conn. Gen. Stat. § 52-59b is applicable to this case. This court, therefore, has no jurisdiction over the matter. Accordingly, the defendants' motion to dismiss is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT