Richard D. Simons, J.
The plaintiff has sued to recover commissions claimed due him under a brokerage contract for the sale of New York realty owned by the nonresident defendants. The defendants have moved to set aside service, claiming that the cause of action accrued subsequent to the disposition of the real estate and they have not transacted business in New York.
There are sufficient minimal contacts to provide this court with jurisdiction under CPLR 302 (subd. [a], par. 1), since performance of any contract of sale of New York realty owned by defendants necessarily involves transaction of business within the “ single act statute ” or under CPLR 302 (subd. [a], par. 4). (Tebedo v. Nye, 45 Misc 2d 222; Downes v. Cirelli, 52 Misc 2d 637; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.12; 44 Iowa L. Rev., 374.)
The case differs from Glassman v. Hyder (23 N Y 2d 354). Here the real property is located in New York. The defendants, by their ownership and sale of the land, have purposely availed themselves of the privileges and protection of New York’s laws. (Hanson v. Denckla, 357 U. S. 235.) Indeed, that ownership constitutes a good deal more than a significant single act sufficient for jurisdiction in many cases. The ownership has resulted in a relationship of the nonresidents to the forum State for a continuous period during which they have enjoyed the benefits and protection of New York laws. The motion is denied.