ANDREW ZARTOLAS ET AL. *v.* A. ELI NISENFELD ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 1—decision released June 23, 1981

*Kenneth B. Povodator,* with whom, on the brief, was *Noel R. Newman,* for the appellants (plaintiffs).

*Monte P. Radler,* with whom, on the brief, was *Daniel Shepro,* for the appellees (defendants).

BOGDANSKI, C. J.   The complaint makes the following allegations.  On November 20, 1976, the defendants A. Eli Nisenfeld and Esther Nisenfeld,[1]

---

[1] We shall use the term "defendants" to refer only to the Nisenfelds although the complaint also named the town of Monroe as a defendant.

by warranty deed conveyed certain real estate to the plaintiffs. In the deed the defendants specifically described the land as situated in the town of Monroe, state of Connecticut and they designated the land by reference to a map on record in the office of the Monroe town clerk. By executing the deed the defendants warranted that they "are well seized of the premises as a good indefeasible estate in fee simple: and have good right to bargain and sell the same . . . and that the same is free from all incumbrances" and they bound themselves and their heirs "forever, to warrant and defend the . . . granted . . . premises to . . . the . . . Grantees and to the survivor of them and to such survivor's heirs and assigns against all claims and demands whatsoever." The complaint further alleges that the defendants breached their warranties because on the date they conveyed the real estate and at all subsequent times, the town of Monroe claimed to own a part of the premises upon which it had constructed a public highway. The breach rendered the parcel nonconforming.

The plaintiffs concede that they are suing on the deed and that the defendants executed the deed in Iowa. The defendants do not deny that they held title to the realty[2] and that they, "in person," executed the warranty deed described in the complaint and conveyed the real property to the plaintiff. Furthermore, the defendants concede that the conveyance took place pursuant to a sale of the real property.

In their action, the plaintiffs relied upon the service of process provisions of General Statutes

[2] The defendants' brief correctly points out that the plaintiffs have not alleged in what capacity the defendants held title to the real property or sold it.

§ 52-59b (c).[3] The defendants were constructively served in Iowa. They moved to dismiss pursuant to Practice Book § 142, claiming that the court lacked personal jurisdiction over them. The trial court rendered judgment for the defendants and ruled: (1) that the defendants had sufficient minimum contacts with Connecticut to satisfy constitutional standards; (2) that General Statutes § 52-59b (a) (1) permitted jurisdiction over a cause of action based upon a single transaction and (3) that the sale of real estate does not satisfy the "transacts any business" requirement of that subsection. From that judgment the plaintiffs have appealed.

The plaintiffs allege that General Statutes § 52-59b empowers Connecticut courts to exercise personal jurisdiction over the defendants. General Statutes § 52-59b states in part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Trans-

---

[3] General Statutes § 52-59b provides in part: . . . "(c) Any nonresident individual, or foreign partnership, or his or its executor or administrator, over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against such nonresident individual or foreign partnership, or his or its executor or administrator, may be served upon said secretary and shall have the same validity as if served upon such nonresident individual or foreign partnership personally. Such process shall be served by the officer to whom the same is directed upon said secretary by leaving with or at the office of said secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon said secretary addressed to such defendant at his last-known address. . . ."

acts any business within the state . . . or (4) owns, uses or possesses any real property situated within the state."

The General Statutes do not define what the phrase "transacts any business" means in the context of § 52-59b. We note, however, that in enacting § 52-59b, the legislature used New York Civil Practice Law § 302 (McKinney 1980–81 Sup.) as a model. *Gandolfo* v. *Alford,* 31 Conn. Sup. 417, 424, 333 A.2d 65 (1975) ; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 26, p. 97 n.318. We therefore find pertinent the judicial interpretation given to that New York statute. *Elida, Inc.* v. *Harmor Realty Corporation,* 177 Conn. 218, 226, 413 A.2d 1226 (1979) ; *Gandolfo* v. *Alford,* supra. In accord with that interpretation, we construe the term "transacts any business" to embrace a single purposeful business transaction. *George Reiner & Co.* v. *Schwartz,* 41 N.Y.2d 648, 363 N.E.2d 551 (1977) ; *Hi Fashion Wigs, Inc.* v. *Peter Hammond Advertising, Inc.,* 32 N.Y.2d 583, 300 N.E.2d 421 (1973) ; *Parke-Bernet Galleries, Inc.* v. *Franklyn,* 26 N.Y.2d 13, 16, 256 N.E.2d 506 (1970) ; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 456, 209 N.E.2d 68, cert. denied sub nom. *Estwing Mfg. Co.* v. *Singer,* 382 U.S. 905, 86 S. Ct. 241, 15 L. Ed. 2d 158 (1965).

The term "transacts any business" extends beyond the typical commercial enterprise to include the execution of a warranty deed pursuant to a single sale of real property. See *Tebedo* v. *Nye,* 45 Misc. 2d 222, 256 N.Y.S.2d 235 (1965) (breach of contract to sell). See also *United States Steel Corporation* v. *Multistate Tax Commission,* 367 F. Sup. 107 (S.D.N.Y. 1973) (tax audit by the multistate tax commission) ; *Harry Winston, Inc.* v. *Wald-*

*fogel,* 292 F. Sup. 473, 481–82 (S.D.N.Y. 1968) (negotiating the retail purchase of a ring); *Cohen* v. *Haberkorn,* 30 App. Div. 2d 530, 291 N.Y.S.2d 119 (1968) (receiving medical treatment), appeal dismissed, 24 N.Y.2d 993, 250 N.E.2d 230 (no final judgment), appeal dismissed, 25 N.Y.2d 917, 252 N.E.2d 282 (1969) (improper form); *Kochenthal* v. *Kochenthal,* 28 App. Div. 2d 117, 119, 282 N.Y.S.2d 36 (1967) (execution of a separation agreement); Weinstein, Korn & Miller, N.Y. Civ. Prac. ¶ 302.08. The execution of a warranty deed pursuant to a sale of real property is a legal act of a most serious nature. It uses terms and procedures commonly associated with business and involves a financial transaction. The execution of such a deed clearly falls within the appropriately broad meaning of the term "business" in General Statutes § 52-59b. *Kochenthal* v. *Kochenthal,* supra, 119–20.

The defendants' execution of the warranty deed in Iowa does not negate the transaction's connections with Connecticut. *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke, Inc.,* supra. The defendants' purposeful Connecticut related activity suffices to locate this transaction of theirs within this state despite the absence of allegations that the sale or closing occurred here; or that they or anyone acting for them solicited the plaintiffs' purchase or entered this state to deal with the plaintiffs. The deed described the land as located here and designated it by reference to records maintained here. By owning land in Connecticut the defendants invoked the benefits and protection of Connecticut's laws of real property, including as an incident of ownership the right to sell the property. If the defendants breached their warranties, the breach occurred because of acts committed here. The war-

ranties in the deed clearly anticipate litigation in Connecticut, which is the only forum that can determine title to Connecticut land. *Durfee* v. *Duke*, 375 U.S. 106, 115, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963); *Farmers' Loan & Trust Co.* v. *Postal Telegraph Co.*, 55 Conn. 334, 335, 11 A. 184 (1887); *In re Goar's Estate*, 252 Iowa 108, 110, 106 N.W.2d 93 (1960). Thus, the fundamental incidents of this warranty deed render the defendants' purposeful execution of it a "transaction of any business within this state."[4] *Hi Fashion Wigs, Inc.* v. *Peter Hammond Advertising, Inc.*, supra, 586.

[4] The trial court and the defendants view our decision in *Lane* v. *Hopfeld*, 160 Conn. 53, 273 A.2d 721 (1970), as having approved the use of General Statutes § 33-397 as a guide to interpreting the words "transacts business," in § 52-59a, a predecessor of § 52-59b. That view misconstrues *Lane*. In *Lane* we reported that the trial court had concluded that the words "transacts business" had essentially the same meaning in § 52-59a as in §§ 33-396 and 33-397 but we did not express any approval of that conclusion. Instead, we upheld the judgment for the defendant because, regardless of whether the defendant's activity amounted to the transaction of business in this state, any action of his in this state was not done "personally or by an agent, salesman, employee, officer or another" as specified in § 52-59a. *Lane* v. *Hopfeld*, supra, 58-59.

Under § 33-397 (a) certain enumerated activities, such as selling real estate, do not constitute "transacting business in this state for the purposes of . . . chapter [599]." Chapter 599 regulates stock corporations. Clearly, the legislature intended § 33-397 to apply only to corporations and even then only for the purposes of chapter 599. The statute in question here, § 52-59b, appears in a different chapter. Furthermore, the phrase "transacts any business" in § 52-59b has a broader meaning than the phrases "transact business" in § 33-396; "transacting business" in § 33-397; and "transacts business" in the repealed § 52-59a, which was in issue in *Lane*. Therefore §§ 33-396 and 33-397 provide no guidance for interpreting § 52-59b.

If the defendants in the present cause of action were a corporation, § 33-411 (d) would subject it to suit in this state, because this action involves "real property located in the state in which a foreign corporation . . . owns or claims to own an interest." See footnote 5, infra.

Because both our corporate and individual long arm statutes reach the present action, we need not address the equal protection claim

In determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within this state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors. N.Y. Civ. Prac. Law § 302; McLaughlin, Practice Commentaries (McKinney 1972) C302:2, p. 64. In this case each of those considerations leads us to conclude that the plaintiffs' cause of action against the defendants arose from the defendants' transaction of business, in person, within the state.[5]

which might arise should § 52-59b, as predicted in *Bross Utilities Service Corporation* v. *Aboubshait,* 489 F. Sup. 1366, 1373 n.35 (D. Conn. 1980), reach beyond our corporate long arm statute.

[5] Although the plaintiffs have ignored § 52-59b (a) (4), we note that under the New York long arm statute, N.Y. Civ. Prac. Law § 302 (a) (McKinney 1980–81 Sup.), courts have based jurisdiction upon a nonresident defendant's ownership, use, or possession of real property situated within the state, although at the time of suit the defendant's ownership, use or possession had ceased. *Genesee Scrap & Tin Baling Corporation* v. *Lake Erie Bumper Plating Corporation,* 57 App. Div. 2d 1068, 395 N.Y.S.2d 826 (1977) (lease assigned); *Karrat* v. *Merhib,* 62 Misc. 2d 72, 307 N.Y.S.2d 915 (1970) (action to recover commission under a brokerage contract for sale of realty; also jurisdiction under "transacts any business" provision); *Tebedo* v. *Nye,* 45 Misc. 2d 222, 256 N.Y.S.2d 235 (1965).

Other jurisdictions have based jurisdiction on former interests in realty under similar long arm statutes. *Van Naarden* v. *Grassi,* 488 F. Sup. 720 (E.D. Pa. 1980) (fraud and misrepresentation); *Hart* v. *DeLowe Partners, Ltd.,* 147 Ga. App. 715, 250 S.E.2d 169 (1978) (action on promissory note executed to purchase realty and secured by a deed; nonresident former owners executed note and deed out of state and never had come to forum state); *Mayeux* v. *Hughes,* 333 So. 2d 273 (La. App. 1976) (purchaser's action for damages or reduction in purchase price); *Peterson* v. *Ely,* 279 Or. 581, 569 P.2d 1059 (1977) (unjust enrichment and conversion of escrow funds by seller; Washington default judgment accorded full faith and credit against Oregon resident; Washington jurisdiction also under "transacts any business"). See annot., 4 A.L.R. 4th 955.

Because the defendants executed the warranty deed as an integral part of a Connecticut real estate transaction, the ties among the parties, this state, and the litigation allow Connecticut courts to exercise personal jurisdiction over the defendants without offending traditional notions of fair play and substantial justice. *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). See *Rush* v. *Savchuk,* 444 U.S. 320, 327, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980) ; *Shaffer* v. *Heitner,* 433 U.S. 186, 207–208, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). The defendants purposefully availed themselves of the privileges of owning and selling Connecticut land. Thus, this state may require them to defend a Connecticut suit alleging breach of the deed's warranties. *Hanson* v. *Denckla,* 357 U.S. 235, 254, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). See *Rush* v. *Savchuk,* supra, 329; *World-Wide Volkswagen Corporation* v. *Woodson,* 444 U.S. 286, 295–98, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.