[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#104)
In March 1990, the plaintiff People's Bank extended a credit card to the defendants Wesley and Gislaine Zadora. The defendants agreed to the terms and conditions set forth by People's Bank by their signed application. From March 1990 until June 22, 1992, the credit card was used to purchase merchandise and receive cash advances totalling $4,186.15. The defendants are delinquent in the payment of this debt. The plaintiff now seeks payment of this debt and attorneys fees.
The defendant Gislaine Zadora Newberry has moved to dismiss the complaint claiming that the court does not have personal jurisdiction over her. Specifically, she argues that she has not transacted business within the state under the terms of Connecticut General Statutes 52-596 and that she lacks the minimum contacts necessary for the court to assert jurisdiction over her.
In support of her argument, the defendant has submitted an affidavit. In her affidavit, the defendant states that she is not a resident of Connecticut and has resided in New Jersey since March 1, 1992 and intends to remain in New Jersey. The defendant Gislaine CT Page 8946 Newberry also states that she never used the credit card extended by People's Bank, and, in anticipation of her divorce from Wesley Zadora, Gislaine Newberry unsuccessfully sought to close the credit card account. Lastly, pursuant to divorce proceedings, Wesley Zadora is responsible for all financial obligations which involved both Wesley Zadora and Gislaine Zadora Newberry.
Connecticut courts may assert personal jurisdiction over a non-resident defendant under General Statutes 52-59a(a)(1), as long as the defendant transacts business within the state. Gaudio v. Gaudio, 23 Conn. App. 287, 298 (1990). "The term `transacts any business' has been construed to embrace `a single purposeful business transaction.'" Gaudio, 23 Conn. App. at 298 quoting Zartolas v. Nisenfeld, 184 Conn. 471,474 (1981). In determining whether business has been transacted "we do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Gaudio, 23 Conn. App. at 298. Employing such factors, the defendant Newberry has not transacted business in Connecticut. Further, the signing of the credit card application with People's Bank does not constitute the defendant Gislaine Newberry's transacting business in Connecticut. See Savin v. Ranier, 898 F.2d 304 (2nd Cir. 1990) (defendant obtaining financing for New York business from Connecticut resident with note payable in Connecticut does not amount to defendant transacting business in Connecticut under Connecticut's long-arm statute.)
Even if the defendant had transacted business in the state, it remains necessary for the defendant to meet the test of minimum contacts with the forum state. "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.'" Gaudio, 23 Conn. App. at 299
quoting World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286,292 (1980).
As stated, the defendant Gislaine Newberry has never used the credit card at issue, has sought to close the credit card account, and believed that all obligations incurred by use of the credit card were solely the obligation of her ex-husband pursuant to a marital dissolution agreement. Therefore, even if this court were to conclude that Gislaine Newberry had transacted business in Connecticut, she has not had the minimum contacts with the forum state that are necessary for this court to assume personal jurisdiction over her. If the court CT Page 8947 were to assume jurisdiction over defendant Newberry, it would be a practice offensive to the traditional notions of fair play and substantial justice.
For the reasons stated the defendant's motion to dismiss is granted.
PICKETT, J.