[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Rolscreen Company, has moved to dismiss for lack of in personam jurisdiction the third party complaint filed by defendants Brian Herzing and Laura Herzing. The Herzings seek indemnification for any recovery against them by the plaintiff, who has brought a wrongful death action claiming that Daniel Coates, Jr. died as a result of breaches of various duties of care by the Herzings and by Rolscreen that resulted in the decedent's falling through a window manufactured by Rolscreen and installed by the Herzings.
In their third party complaint, the Herzings allege that Rolscreen was transacting business in Connecticut on August 6, 1989, "and for a long time prior thereto" (para. 2) but failed to procure a certificate to transact business in the state. They further allege that Rolscreen was, prior to the date of the decedent's fall on August 6, 1989, soliciting business and advertising its products in Connecticut, and that the window and screen through which the decedent fell were manufactured by Rolscreen and installed by the Herzings subsequent to May 10, 1989 (paras. 6, 7).
The cover sheet accompanying the writ of summons and complaint as to the third party complaint identifies the third party plaintiffs as residents of New Haven, Connecticut.
The third party plaintiffs have submitted affidavits to the effect that at the relevant time Rolscreen manufactured Pella windows, that Rolscreen sold Pella windows to two distributors in Connecticut, one in Hamden (Laurence R. Smith, Inc.) and one in Old Saybrook, and that these stores sold such windows to the public (Responses to Interrogatories, Nos. 8 and 9). In 1989, shipments of Rolscreen products to Connecticut were approximately one percent of Rolscreen's total sales for the year. (Response to Interrogatories No. 40). Rolscreen's distribution agreement with Laurence Smith, Inc. required the distributor to "actively promote, sell and service Pella Products" (Ex. F).
Brian Herzing asserts in an affidavit that prior to August 6, 1989, he visited the Laurence R. Smith, Inc. store in Hamden to look at Pella windows for use in remodelling his kitchen. He alleges that he was shown a price list for Pella windows of various sizes, was advised by sales people as to the operation of Pella windows and was given a brochure describing installation of Pella windows. (Affidavit, paras. 6-9). Mr. Herzing did not purchase from the Laurence R. Smith, Inc. store the window through which CT Page 10994 David Coates, Jr. fell. He had his father buy windows of the same style he had inspected at the Hamden store at another store in Delaware where a lower price was available. Mr. Herzing states that he was "at least partially induced" to purchase the particular style of Pella window by his inspection of this product at the Laurence R. Smith, Inc. store in Hamden. (Affidavit, paras. 10-13).
Laurence R. Smith, Jr., who was president of Laurence R. Smith, Inc. on August 6, 1989, has stated in an affidavit that on that date and for some time before that date, Rolscreen published and distributed to Connecticut distributors pamphlets and brochures to induce customers to buy Pella windows, that Rolscreen contributed to the cost of advertising Pella windows in Connecticut, and that Rolscreen shipped Pella windows to Connecticut (Ex. A).
I Long Arm Statute
In considering a claim of lack of personal jurisdiction, a trial court must examine the applicability of the Connecticut long arm statute before considering constitutional claims of lack of minimum contacts Lombard Brothers, Inc. v. General Asset Management Co., 190 Conn. 245, 250 (1983); Hager v. Zaldman, 797 F. Sup. 132,134 (D. Conn. 1992).
The third party plaintiffs claim that 33-411(c) C.G.S. authorizes their suit against Rolscreen. The portion of the long arm statute on which they rely provides in relevant part as follows:
 c) Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: . . . 3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used . . . within this state and are so used . . . regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers. . . .
CT Page 10995
The third party plaintiffs allege that if the Pella window in their kitchen through which the plaintiff fell was defective and dangerous, it was the conduct of Rolscreen in manufacturing the window that was the defect. The third party complaint further sets forth claims of negligent representation (Count Two) and breach of warranty of merchantability (Count Three).
The causes of action asserted by the third party plaintiffs against Rolscreen clearly arise from the production, manufacture or distribution of Rolscreen's product within the meaning of 33-411(c)(3).
Contrary to the assertion of Rolscreen, the cited section of the statute does not require that the actual unit of the product claimed to be defective be sold in Connecticut. Rather, the requirements are the specified nature of the cause of action coupled with the reasonable expectation that the defendant's goods are to be used within the state and the invocation of the statute by Connecticut residents.
Rolscreen asserts that 311(c) is inapplicable because the Herzings are not now residents of Connecticut. While the affidavit of Brian Herzing was signed in Hove, East Sussex, England, the statements contained in the affidavit identify Brian Herzing as being "of New Haven, Connecticut" and refer to his home as being located in New Haven. The summons form issued at the time the suit was commenced identifies Brian Herzing and Laura Herzing as residents of New Haven, Connecticut, and the sheriff's return indicates that abode service was made on them by the sheriff at their abode in New Haven on August 5, 1991. When the Herzings filed their third party complaint in August 1992 they identified New Haven as their address.
The third party plaintiffs have discharged their burden of proving that at the time of bringing suit against Rolscreen they were Connecticut residents eligible to invoke 33-411(c) C.G.S., see Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54 (1983). The mere signing of an affidavit in another location does not defeat a showing of Connecticut residency for purposes of invoking the Connecticut long arm statute.
The defendant also contends that 33-411(c)(3) is inapplicable because the cause of action asserted by the third party plaintiffs does not "aris[e] . . . out of the production, manufacture or distribution of goods by such corporation" The complaint of CT Page 10996 the third party plaintiffs unmistakably rests on the claim that they face liability to the plaintiff because of defects and dangerous conditions in the window and screen manufactured by Rolscreen, as well as defects in the installation instructions provided (third party complaint, paras. 12-16). The court finds that the subject matter of the third party complaint is within the purview of 33-411(c)(3).
The defendant's further point that the window was bought by the third party plaintiffs in Delaware rather than in Connecticut is irrelevant to an invocation of 33-411(c) because that section of the long arm statute explicitly applies "regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers." The expected or unexpected eventuality of the installation in Connecticut of a particular window sold in Delaware is thus not decisive as to applicability of 33-411(c)(3), though it is relevant to the issue of minimum contacts raised in the defendant's claim of deprivation of due process of law. See United States Trust Co. v. Bohart, 197 Conn. 34, 41 (1985); Hover v. Asbestos Corp., Ltd., 678 F. Sup. 370 (D. Conn. 1986).
It is not necessary to determine whether 33-411(b) C.G.S. furnishes an additional basis for long arm jurisdiction, since the plaintiff has established such jurisdiction pursuant to 411(c)(3).
II Constitutional Due Process
A determination that one of the sections of the Connecticut long arm statute is applicable does not end the court's inquiry, as it is necessary, as a second step, to decide whether application of the statute to exercise personal jurisdiction would, under the circumstances, violate the defendant's right to due process of law. See Lombard Brothers, Inc. v. General Assets Management Co., supra,190 Conn. at 250; Zartolas v. Nisenfeld, 184 Conn. 471, 473-78
(1981).
It is a violation of a corporation's right to due process of law to subject it to the jurisdiction of a forum with which it lacks minimum contacts and where exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286
(1980); International Shoe Co. v. Washington, 326 U.S. 310, 316
(1945). CT Page 10997
The situation at issue in the case at bar is unlike that in Volkswagen, supra, and Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102 (1987), in which the party raising the claim of lack of jurisdiction was found to have merely put the product into the stream of commerce, with no purposeful conduct to bring its products to the forum state. Whether or not Rolscreen intended the specific window bought by the third party plaintiff in Delaware to be present in Connecticut in 1989, Rolscreen clearly was purposefully putting its products into the Connecticut market by authorizing distributorships, paying for advertising of its products by Connecticut distributors, and furnishing information about its products to Connecticut consumers through its distributors. Where a manufacturer is marketing its products in a forum state and can expect that its products are being used in that state, it has sufficient contacts to render it constitutionally amenable to suit in that state. Hover v. Asbestos Corp. Ltd., supra, at 372-3.
Exercise of jurisdiction over Rolscreen by the courts of Connecticut does not offend traditional notions of fair play and substantial justice. Rolscreen has purposefully availed itself of the Connecticut market for windows by the actions summarized above. It is neither unfair nor unjust to require it to respond in Connecticut to a claim regarding alleged defects in its products by Connecticut residents. The court finds no violation of the defendant's right to due process of law.
Conclusion
Jurisdiction is authorized by 33-411(c)(3) C.G.S., and assertion of jurisdiction does not violate constitutional due process guarantees. The motion to dismiss is denied.
Beverly J. Hodgson Judge of the Superior Court