[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Charles E. Strauss requests this court to dismiss the action against him for lack of jurisdiction over his person. Specifically, he claims that the pertinent long-arm statute, General Statutes § 52-59b, does not empower the Connecticut courts to exercise in personam jurisdiction over him. For the reasons stated below, the motion to dismiss is denied. CT Page 11664
General Statutes § 52-59b(a)(1) authorizes the Connecticut courts to exercise jurisdiction over any nonresident individual who "transacts any business within the state." The relevant legal principles are summarized in the following quotation:
 "Connecticut courts may assert personal jurisdiction over a nonresident defendant under General Statutes § 52-59b(a)(1), as long as that defendant transacts business within the state. The term `transacts any business' has been construed to embrace `a single purposeful business transaction.' Zartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 157
(1981). In determining whether [defendant's] contacts constitute the transaction of business within the state, we do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the relevant factors, Id., 477." Gaudio v. Gaudio, 23 Conn. App. 287, 298 (1989).
Charles E. Strauss engaged in a purposeful business transaction in Connecticut. The loan transaction which is the subject of the litigation was completed in Bridgeport, Connecticut. Defendant Charles E. Strauss was present in Bridgeport at the closing. The transaction documents included a note, a mortgage deed, and various guarantees. One of the guarantees was signed at the closing by defendant Charles E. Strauss. The property which is the subject of the mortgage deed is located in Bridgeport. At the time the transaction was completed, defendant Charles E. Strauss was a resident of Westport, Connecticut. He is presently a resident of New Jersey. The plaintiff's claim against Charles E. Strauss is based upon the loan guarantee which he signed at the closing. These facts bring Charles E. Strauss within the reach of the long-arm statute.
The same facts satisfy the minimum contacts requirement of the due process clause of the federal constitution. Because Charles E. Strauss executed the guarantee as an integral part of the Connecticut loan transaction, the ties among the parties and this state allow the Connecticut courts to exercise personal jurisdiction over Charles E. Strauss without violating constitutional principles of due process. See Zartolas v.Nisenfeld, 184 Conn. 471, 478 (1981). CT Page 11665
The motion to dismiss is denied.
THIM, JUDGE