**CUSTOM NAVIGATION SYSTEMS, INC., Plaintiff,**

v.

**Joel PINCUS, Defendant.**

**No. 3:94CV2105 (RNC).**

United States District Court, D. Connecticut.

June 20, 1995.

David M. Bohonnon, New Haven, CT, for plaintiff.

Joel Pincus, Manhasset, NY, Pro Se.

## ORDER

CHATIGNY, District Judge.

This matter is before the Court on the defendant's motion to dismiss for lack of personal jurisdiction [doc. # 5].

Plaintiff, a Connecticut corporation, sold certain equipment to the defendant, a New York resident, for installation on the defendant's boat at a marina in New York. Invoking admiralty jurisdiction, plaintiff sues for $8,500, the balance allegedly due. A return of service shows that a copy of the complaint and a summons have been delivered to the defendant's home in New York.

■ Assuming for present purposes that this case is properly brought as an admiralty case, the Court can exercise personal jurisdiction over the defendant only if (1) he has sufficient contacts with Connecticut and has been properly served or (2) has property here subject to maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. See generally *East Asiatic Co. v. Indomar, Ltd.*, 422 F.Supp. 1335, 1339 (S.D.N.Y.1976). See also *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 (2d Cir.1991).

■ Plaintiff asserts that it has a "maritime lien" arising from its installation of the equipment on the defendant's boat and that this lien permits the Court to exercise per-

sonal jurisdiction over the defendant without considering the sufficiency of his contacts with Connecticut. However, this is a suit against the defendant personally, not against the boat in rem; there is no allegation that the boat is in Connecticut now or is likely to be here in the future; there is no allegation that defendant owns other property in Connecticut; and, in any event, no attempt has been made to attach any of the defendant's property pursuant to Supplemental Rule B. In these circumstances, personal jurisdiction may be exercised over the defendant only if it is appropriate under Connecticut's long arm statute. See Fed.R.Civ.P. 4(k); *Omni Capital International v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105, 108–09, 108 S.Ct. 404, 409, 411–12, 98 L.Ed.2d 415 (1987) (absent federal statutory provision for service of process, federal court's jurisdiction in federal question case is limited by forum's long-arm statute).

The plaintiff has not attempted to show that the defendant is amenable to suit under the long-arm statute. Instead, it has taken the position that the long-arm statute is irrelevant because "subject matter jurisdiction is conclusively established in this Court." Plaintiff's Mem. of Law in Opp. to Motion to Dismiss at 7 [doc. # 10]. In the absence of a showing by the plaintiff that the requirements of the long-arm statute are met, the Court must determine from the allegations of the complaint and the other papers on file whether the defendant is subject to suit in Connecticut. See generally, *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.1966).

■ The only section of the long-arm statute that is arguably applicable, Conn.Gen. Stat. § 52–59b(a)(1), permits the exercise of personal jurisdiction over a nonresident who "transacts any business within the state" on a cause of action arising out of such a transaction. To determine whether a cause of action arises from a defendant's transaction of business within the State requires a "balanc[ing of] considerations of public policy, common sense and the chronology and geography of the relevant factors." *Zartolas v. Nisenfeld*, 184 Conn. 471, 477, 440 A.2d 179 (1981). The phrase "[t]ransacts any busi-

ness" may be satisfied by a single business transaction, provided the defendant's "purposeful Connecticut related activity suffices to locate [the defendant's] transaction within this state...." *Id.* at 475, 440 A.2d 179.

Applying this test on a case by case basis, the Connecticut Supreme Court has held that nonresidents who purposefully availed themselves of the privilege of selling Connecticut land could be required to defend a suit in Connecticut arising out of their sale of the land despite the absence of allegations that the sale or closing occurred here. *Id.* On the other hand, a Massachusetts lawyer who represented Connecticut clients in a lawsuit in Massachusetts was not necessarily subject to suit by his clients in Connecticut, even though he attended at least one client conference in this State. *Rosenblit v. Danaher,* 206 Conn. 125, 138, 537 A.2d 145 (1988).

Viewing the record in a light most favorable to the plaintiff, it appears that the defendant telephoned and wrote to the plaintiff in Connecticut on a few occasions in connection with the plaintiff's sale and installation of the equipment in question. However, there is no indication that the defendant entered the State in connection with this transaction; the equipment was to be delivered and installed by the plaintiff in New York; and the defendant bore the risk of loss while the equipment was in transit to New York.

"The transmission of communications between an out-of-state defendant and a [party] within the jurisdiction does not, by itself, constitute the transaction of business within the forum state." *Bross Utilities Service Corp. v. Aboubshait,* 489 F.Supp. 1366, 1371–72 (D.Conn.), *aff'd mem.,* 646 F.2d 559 (2d Cir.1980) (construing Conn.Gen.Stat. § 33–411(b)). See *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 587–88 (2d Cir.1965) (negotiating and concluding contracts for sale of goods by telephone and mail with residents of forum insufficient basis for exercise of personal jurisdiction over nonresident) (applying New York Civil Practice Law § 302(a)(1)).[1] Accord *Harry Winston, Inc. v.*

*Waldfogel,* 292 F.Supp. 473 (S.D.N.Y.1968) (two visits by nonresident customer to retail outlet in connection with negotiation of purchase of ring sufficient to sustain jurisdiction over nonresident under N.Y.C.P.L.R. 302(a)(1)). See also *Greene v. Sha–Na–Na,* 637 F.Supp. 591, 596 (D.Conn.1986) (nonresident's telephone call, telegram and letter to Connecticut plaintiff did not constitute transaction of business within meaning of § 52–59b(a)(1)); *Connecticut Artcraft Corp. v. Smith,* 574 F.Supp. 626, 631 (D.Conn.1983) (nonresident's telephone calls to alleged coconspirators in Connecticut concerning trade secrets of their former employer, a Connecticut corporation, did not constitute transaction of business within meaning of § 52–59b(a)(1)). Because the record discloses no other relevant contacts, the requirements of the long-arm statute have not been met.

Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction is hereby granted.

So ordered.

---

1. The Connecticut Supreme Court, in construing § 52–59b, consults cases interpreting and applying N.Y.C.P.L.R. 302, which served as a model

for § 52–59b. See *Zartolas v. Nisenfeld,* 184 Conn. at 474, 440 A.2d 179.