[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has filed a motion to dismiss based on his claim that as a resident of the State of Michigan, the courts of the State of Connecticut have no personal jurisdiction over the defendant.
The facts of this case are that the plaintiff contacted the defendant after seeing ads in publications relating to automobile parts that indicated that defendant had Porsche engine parts for sale. Plaintiff and defendant, after approximately twenty phone calls back and forth, reached an agreement that defendant would sell and ship, at his expense to Connecticut, parts listed on an inventory sent to plaintiff in Connecticut When plaintiff sent the agreed purchase price, defendant shipped various parts to plaintiff which proved, on examination in Connecticut, to be of unacceptable quality or not as described in said inventory. The plaintiff notified the defendant of these conditions, but defendant did not respond to plaintiff's request for the return of the purchase price.
It is defendant's claim that there is insufficient contact with the State of Connecticut to meet the requirements of Connecticut's long-arm statute, Connecticut General Statutes § 52-59b, plus defendant's contact with this state does not constitute the minimum contacts required by the Fourteenth Amendment's due process clause. It is plaintiff's burden to prove that this court has personal jurisdiction over the defendant.
The defendant has not been shown to have had any other transactions related to the State of Connecticut. The advertisements were all in national publications and not directed to Connecticut residents in particular. The initiation of long and protracted negotiations came from the plaintiff and were not initiated by the defendant. That the items shipped were not in a condition acceptable to the plaintiff, may very well be a breach of the contract of sale, but this does not rise to acts of fraud or misrepresentation. Once the defendant delivered the parts to the shipper in Michigan, and paid in Michigan for their delivery, the defendant's participation in the transaction was completed.
That the plaintiff is a Connecticut resident, that he responded to a national advertisement while in Connecticut, that he placed telephone calls from the State of Connecticut, that he received an inventory in Connecticut sent by the defendant, that he mailed to Michigan checks from the State of Connecticut, and that he received delivery of a single shipment of auto parts in the State of Connecticut, does not rise to the transaction of business by the defendant in the State of Connecticut upon "considerations of public policy, common sense, and the CT Page 6987 chronology and geography of the relevant factors." Zartolas v.Nisenfeld, 184 Conn. 471, 477.
The plaintiff has failed to sustain his burden of showing that the defendant is within the provisions of § 52-596 of the Connecticut General Statutes by transacting business within the state or having committed a tortious act; therefore, defendant's motion to dismiss, based on a lack of personal jurisdiction over the non-resident defendant, is granted.
Stodolink, J.