[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Defendant John E. Bagley moves pursuant to Practice Book § 142 to dismiss this lawsuit brought by Plaintiff Tax Deferred Investments, Inc. For the reasons stated below, the motion is denied.
The plaintiff is a California corporation that is presently the holder of a mortgage note that was executed by the defendant and secured by the defendant's property in Bridgeport, Connecticut. The defendant is a resident of Illinois. Service of process was made on the defendant by a deputy sheriff who served a copy of the writ, summons and complaint on the Secretary of State of Connecticut as agent and attorney for the defendant. The sheriff also mailed a copy of the writ, summons and complaint to the defendant in Illinois.
The defendant alleges five grounds for its motion to dismiss: (1) the plaintiff is barred from maintaining the action under General Statutes § 33-412(a)[1] because it is not authorized under general Statutes § 33-396[2] to transact business in Connecticut; (2) the plaintiff is barred from maintaining the action because the plaintiff's predecessor in interest was not an authorized corporation; (3) the court lacks personal jurisdiction because the defendant is a resident of Illinois, not Connecticut, and no other basis for jurisdiction exists; (4) the court lacks personal jurisdiction because the application of Connecticut's long-arm statute, General Statutes § 52-59b, would violate due process; and (5) forum non-conveniens.
The defendant has filed an affidavit wherein he states that he has been a resident of Illinois for six years, that he does not transact business in Connecticut, and that he did not transact business in Connecticut at the time alleged in the complaint. The defendant has also filed an affidavit prepared by a person who is employed as a secretary by the defendant's attorney. She states that she telephoned the Secretary of the State of Connecticut and was informed that "there was no listing in the records of said Secretary of State for [the defendant or the original holder of the note.]" CT Page 8769
The plaintiff has submitted a copy of the mortgage deed that secured the note. The deed was signed by the defendant's attorney-in-fact in Westport, Connecticut, on February 9, 1990. The deed recites the defendant's address as 923 Noble Avenue, Bridgeport, Connecticut. To secure the note, the defendant mortgage property located at 34 Revere Street, Bridgeport, Connecticut. The mortgage deed contains a provision that states the deed constitutes a security agreement under Connecticut's Uniform Commercial Code. The plaintiff has also submitted an affidavit from a title searcher who attests that a title search revealed that at the time the note was executed the defendant owned the property mortgaged and that as of September 17, 1996, the defendant was still the owner of record.
The defendant first contends that the plaintiff may not maintain this action because (1) the plaintiff is a foreign corporation that is not authorized under General Statutes § 33-396 to transact business in this state and (2) the corporation to whom the note was initially payable was a foreign corporation that was not authorized under § 33-396 to transact business in this state. Section 33-396 has been revised and is now codified as § 33-920(a). The revised statute provides, in part, "A foreign corporation may not transact business in this state until it obtains a certificate of authority form the Secretary of the State." The defendant claims that the plaintiff is barred from maintaining this action by General Statutes § 33-412(a), which has been revised and is now codified as General Statutes § 33-921(a). This latter statute provides, in part, "a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Section 33-921(b) provides that the bar on maintaining a lawsuit also applies to "The successor to a foreign corporation that transacted business in this state without a certificate of authority and the assignee of a cause of action arising out of that business . . . ." The parties differ on whether this restriction on maintaining a lawsuit may be raised by a motion to dismiss.
The procedural issue need not be decided by the court since there is no evidence, other than that of an isolated transaction, that the initial lender was transacting business in Connecticut. Nor is there evidence that the plaintiff, who is the holder of the note, has done anything more than acquire the note. The CT Page 8770 legislature did not intend that these limited activities would constitute the transaction of business in violation of §33-920(a). General Statutes § 33-920(b) provides, in part, that "The following activities, among others, do not constitute transacting business [by a foreign corporation in this state] . . . (7) creating or acquiring indebtedness, mortgages and security interests in real or personal property; (8) securing or collecting debts or enforcing mortgages and security interests in property securing the debts; . . . (10) conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature . . . ." General Statutes § 36a-425(a) is also significant. It indicates what the legislature intended the phrase "transacting business" to mean in this context. This latter section, which restricts the activities of foreign bank corporations in this state, provides, in part, "no such foreign banking corporation shall be deemed to be doing or transacting business in this state for purposes of this section . . . by reason of its making loans whether secured or unsecured." The limited factual picture presented to the court is an insufficient basis for the court to conclude that either the plaintiff or the initial payee transacted business in Connecticut in violation of General Statutes § 33-920(a).
The defendant next argues that he is not subject to the jurisdiction of this court because this state's long-arm statute, General Statutes § 52-59b(a), does not reach the activity that is the subject of the plaintiff's complaint. This statute provides, in part, that this court may exercise personal jurisdiction over any person who "transacts business within this state." The phrase "transacts any business" in § 59-59b(a) has a broader meaning than the phrases "transact business" in § 33-920(a) and "transacting business" in § 33-921(a). As used in § 59-59b(a), the term embraces "a single purposeful business transaction." Zartolas v. Nisenfeld, 184 Conn. 471, 474,440 A.2d 179 (1981). The execution in Connecticut of a mortgage note and deed involving property located in Connecticut is such a single purposeful transaction. Id. at 474-475. The long-arm statute authorizes this court to exercise jurisdiction.
The defendant was properly served in accordance with the long-arm statute. General Statutes § 52-59b(c) provides that "any nonresident individual . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a), shall be deemed to have appointed the Secretary of the State as its CT Page 8771 attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally."
The defendant contends that this court's exercise of jurisdiction under § 59-59b would offend principles of due process of law. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness. `[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' World-Wide VolkswagenCorporation v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 490 (1980) . . . . At the same time, jurisdiction may not be asserted "in such a way as to make litigation `so gravely difficult and inconvenient' that a party unfairly is at a `severe disadvantage' in comparison to his opponent.' Burger KingCorporation v. Rudzewicz, 471 478, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985). The specific facts of each case necessarily determine the outcome of a minimum contacts analysis. See Kulko v.California Superior Court, 436 U.S. 84, 92, 98 S.Ct. 1690,56 L.Ed.2d 132, reh. denied, 438 U.S. 908, 98 S.Ct. 3127,57 L.Ed.2d 1150 (1978)." United States Trust Co. v. Bohart, 197 Conn. 34,41-42, (1985).
The defendant should reasonably have foreseen being haled into this court to defend this case. His attorney-in-fact signed the note in Connecticut and, at the same time, executed a mortgage deed that gave Connecticut property as security for the loan. The mortgage deed provides that the deed constitutes a security agreement under Connecticut's Uniform Commercial Code. Presumably, persons who witnessed the execution of the note and otherwise participated in the transaction are still in Connecticut. This court's exercise of jurisdiction meets the requirements of the due process clause.
The defendant's last argument is that this court should reject jurisdiction under the doctrine of forum non conveniens.
"[T]he overriding inquiry in a forum non-conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." Picketts v. InternationalCT Page 8772Playtex, Inc., 215 Conn. 490, 501 576 A.2d 518 (1990). The private interest of the litigant, ease of access to sources of proof, availability of compulsory process, cost of obtaining attendance of willing witnesses, possibility of view of premises, and enforceability of judgment are factors to be considered. GulfOil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839,91 L.Ed.2d 1055 (1947); Union Carbide Corp. v. Aetna Casualty SuretyCo., 212 Conn. 311, 319, 562 A.2d 15 (1989) (approving of GulfOil guidelines). The choice of forum by the plaintiff is given great weight, although this weight is diminished where, as here, the plaintiff is itself foreign to its chosen forum. Picketts v.International Playtex, Inc., supra, 215 Conn. 500-03. Nevertheless, "Connecticut continues to have a responsibility to those foreign plaintiffs who properly invoke the jurisdiction of this forum . . . ." Id., 502.
While both parties are residents of other states, this fact alone does not make Connecticut an inconvenient forum although it is a factor for this court to consider. In all likelihood, Connecticut law will apply to the substantive issues that may be raised by the parties. Although the litigants have not explained where their witnesses reside, it is likely that witnesses may reside in Connecticut in light of the fact the transaction was entered into in Connecticut. Under the circumstances, deference should be given the plaintiff's choice of forum.
The motion to dismiss is denied.
THIM, JUDGE