[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 28, 1998, the plaintiff, Litchfield Asset Management Corp., instituted this action against the defendants, Maryann Howell and Marla Howell, trustee. The plaintiff alleges the following facts in its complaint. The plaintiff obtained a judgment against the defendant, Maryann Howell, in the amount of $657,207.38. The defendant, Maryann Howell, is the beneficiary of a trust created under the Will of Ruth Bucci. The defendant, CT Page 5164 Marla Howell, is the trustee of said trust. The plaintiff is without adequate remedy and must seek to enforce the judgment through a creditors bill. The plaintiff seeks a temporary and permanent injunction from the court, ordering the defendant, Marla Howell, to pay over all income from the trust to satisfy the plaintiffs judgment.
On November 18, 1998, the defendant, Marla Howell, filed a motion to dismiss the instant action for lack of personal jurisdiction. In support of said motion, the defendant filed a memorandum of law along with an affidavit of Marla Howell In response, the plaintiff filed an objection to the motion to dismiss, along with a memorandum of law and an affidavit executed by Bruce Weinstein, an officer of the plaintiff.
"A motion to dismiss . . . has replaced the plea in abatement as the vehicle for challenging the courts jurisdiction." ConceptAssociates. Ltd. v. Board of Tax Review, 229 Conn. 618, 625
(1994). The motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). The motion to dismiss "admits all facts . . . well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62 (1988). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264 (1990). "Where, however the motion is accompanied by affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, supra,207 Conn. 62.
The plaintiff asserts that the court has jurisdiction over the defendant, Marla Howell, pursuant to Connecticut's long arm statute, General Statutes § 52-59b. "When a [nonresident] defendant files a motion to dismiss challenging the courts jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant] If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the CT Page 5165 [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. VikingCommunications Ltd., 236 Conn. 602, 606 (1996). General Statutes52-59b provides in part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership[1] or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state. . . ." Although the term "transacts any business" is undefined in the statute, our Supreme Court construes the term to embrace "a single purposeful business transaction." Zartolas v. Nisenfeld, 184 Conn. 471, 474 (1981). "In determining whether [a plaintiff's] cause of action arose from the [defendant's] transaction of business within the state we do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Id., 477.
With regard to the due process step of the analysis, the court must determine whether a nonresident defendant has certain "minimum contacts . . . such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310,316 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness."United States Trust Co. v. Bohart, 197 Conn. 34, 41 (1985). In determining foreseeability, "it is the totality of the defendants conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazerv. McGowan, 198 Conn. 243, 249 (1986).
In the present case, the defendants only contact with Connecticut is an alleged assignment of a limited partnership interest from Ruth Bucci to the trust. In the process of the assignment, the defendant signed a "Jurisdictional/Service of Process Consent by which she agreed that the courts of the State of Connecticut would have jurisdiction over her for any dispute brought by the partnership or the General Partners of that limited partnership. There is no evidence that the defendant was physically in Connecticut for any part of that transaction. Indeed, the consent form is notarized from Maryland, where the defendant works. This is consistent with the defendants affidavit. There is no evidence that the defendant, Marla Howell, has any contacts with the State of Connecticut sufficient to CT Page 5166 trigger this courts jurisdiction under General Statutes §52-59b. Therefore, this court grants the defendants motion and dismiss this action as to the defendant, Marla Howell.
HON. WALTER M. PICKETT, JR. JUDGE TRIAL REFEREE