[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 16668
The defendant moves to dismiss the plaintiff's complaint on the grounds that the plaintiff has not fulfilled the long-arm jurisdiction requirements of General Statutes § 52-59b (a). The Connecticut long-arm statute is applicable to the facts of this case because the defendant is not a Connecticut resident. Moreover, the court confines its analysis to the issue of whether General Statutes § 52-59b (a) was complied with since the defendant was given proper notice of the law suit pursuant to General Statutes § 52-59b (c). Service of process was proper pursuant to subsection (c) because the plaintiff left a copy of the summons and complaint with the Secretary of State in Hartford and mailed a copy of said summons and complaint to the defendant at her address in New Jersey.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance" (Internal quotation marks omitted.)Brunswick v. Inland Wetlands Commission, 222 Conn. 541 551610 A.2d 1260 (1992). Practice Book § 10-31(b) provides in pertinent part that any party opposing a motion to dismiss shall file and serve "a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."
The relevant facts are that a written purchase agreement was signed by the defendant in Greenwich, Connecticut exchanging the defendant's allegedly natural pearl necklace for $20,000.00. The bargained for exchange was conditional upon the pearls being natural, as opposed to cultured, as certified by the defendant. The dispute between the parties arose because, upon expert inspection, the plaintiff found the pearls to be cultured and, therefore, of significantly lesser value. The defendant has yet to return any of monies advanced by the plaintiff for the supposed natural pearl necklace.
An analysis of long-arm jurisdiction requires an inquiry as to whether the statute itself has been complied with and, if it has, whether the constitutional principles of due process have CT Page 16669 been adhered to. See Knipple v. Viking Communications Ltd.,236 Conn. 602, 606, 674 A.2d 426 (1996). First, the above facts come within the purview of General Statutes § 52-59b (a)(1) which requires that prior to exercising jurisdiction the defendant "[t]ransact any business within the state." The defendant transacted business in the state by signing the purchase agreement in Connecticut and by exchanging the pearl necklace for $20,000.00 in Connecticut. See Zartolas v. Nisenfeld,184 Conn. 471, 474, 440 A.2d 179 (1981) (finding that "transacts any business" embraces a single purposeful transaction). Second, consistent with due process, it is certainly fair to require the defendant to appear in a Connecticut court, and the defendant should have reasonably foreseen being haled into a Connecticut court considering that the purchase agreement was signed in Connecticut and that there was an exchange of goods and money in Connecticut. See United States Trust Co. v. Bohart, 197 Conn. 34,41, 495 A.2d 1034 (1985) (requiring a finding of both fairness and foreseeability to satisfy constitutional due process requirements). The defendant's motion to dismiss is, therefore, denied and the plaintiff's objection thereto is sustained.
So ordered.
D'ANDREA, J.