[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Stephen J. Christian, an attorney residing and practicing law in the state of New York, has filed motion #101 to dismiss this action brought against him by two other residents of the state of New York, the plaintiffs, Salvatore Brancato and Susan Brancato. The plaintiffs allege that in the summer of 1996 they retained the defendant to represent them in connection with their purchase of a dry cleaning establishment in Stamford. The plaintiffs further allege that the defendant did not advise them about the applicability of General Statutes § 22a-134, the Connecticut Transfer Act, which involves notifications and disclosures regarding spilling of hazardous material at dry cleaning establishments. Because of this failure to advise them about the above act, the plaintiff's claim that they have been CT Page 2789 named as defendants in a lawsuit seeking environmental remediation.
The plaintiffs brought a complaint against the defendant in three counts, breach of fiduciary duty, legal malpractice, and breach of contract. The defendant's motion to dismiss contests the court's jurisdiction and is authorized by Practice Book § 10-30. The specific pound asserted in the defendant's motion is "lack of jurisdiction over the person." Practice Book § 10-31(a) (2). A so-called "Standard Tallow" evidentiary hearing[1] was held which disclosed the following facts.
The defendant had been representing the plaintiffs over a long period of time as their attorney. In the spring of 1996, the plaintiffs became interested in purchasing a dry cleaning business from a Mr. and Mrs. Kaye. The Kayes' attorney drafted a contract and sent it to the defendant. The closing took place on June 1, 1996, in Westport. The defendant was present with the plaintiffs as their attorney. Negotiations about the purchase price and other details continued at the closing, and the draft agreement was revised and ultimately signed by the sellers and the plaintiffs in the Westport law offices. The plaintiffs also signed two promissory notes at the closing, one of which involved a mortgage on their home, which were also the subject of further negotiations in that law office and legal advice from the defendant.
Thereafter the defendant sent a bill to the plaintiffs for his legal services. The plaintiffs later discovered that there had been a spill of dry cleaning fluids at their newly purchased business during the time that the Kayes owned the business. The plaintiffs' lessor then sued the plaintiffs in the federal court in this state, based on various federal and state environmental laws, which the plaintiffs in this action are defending at their own cost and expense. The plaintiffs allege that the defendant failed to advise them of the Connecticut Transfer Act[2] and that had they known about their obligations under this act, they would never have purchased the business in the first place.
The plaintiffs purported to constructively serve the defendant on May 27, 1999, by serving the office of the Secretary of the State in Hartford and then sending a copy of the process by certified mail to the defendant in New York pursuant to General Statutes § 52-59b (c). The plaintiffs premise their claim for personal jurisdiction over this nonresident individual defendant CT Page 2790 on General Statutes § 52-59b (a), our so-called long arm statute, which permits such jurisdiction if the nonresident individual either transacts any business or commits a tort in this state. "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.)Knipple v. Viking Communications. Ltd., 236 Conn. 602, 606,674 A.2d 426 (1996).
The plaintiffs claim that the defendant transacted business in Connecticut on June 1, 1996, by virtue of representing them at the closing, which included negotiations over the wording of the contract of sale and of the two promissory notes, all of which were executed in this state, under the direction of the defendant and with his advice, and for which they paid a legal fee to the defendant. The plaintiffs agree that if, as the defendant contends, Rosenblit v. Danaher, 206 Conn. 125, 537 A.2d 145
(1988), is controlling, the motion to dismiss must be granted. In that case, a Massachusetts attorney, W.K. Danaher, Jr., was sued in this state in connection with legal services rendered to Connecticut residents in connection with renovating a hotel in Springfield. Massachusetts which resulted in litigation in that state. Danaher's only contact in this state was one meeting here on October 19, 1981.
In affirming the dismissal of the case as to Danaher, the court emphasized that the real estate in question was located in Massachusetts, the events involving litigation arose in that state and most of the witnesses were there. The court discussed and distinguished Zartolas v. Nisenfeld, 184 Conn. 471,440 A.2d 179 (1981), because that case involved the execution in Iowa of a deed to real estate located in Connecticut. A law suit in this state ensued involving breaches of covenants contained in that deed. Zartolas involved real estate located in this state, and the present action involves a business located here. Thus, it seems the facts in the present action are closer to those inZartolas than the facts underlying the Rosenblit decision. In the latter case, the nonresident defendant's only contact in this state was one meeting involving a project located in Massachusetts. The defendant in this case attended a closing, CT Page 2791 conducted negotiations, rendered legal advise, submitted a bill, all involving a business located in this state. Thus, the defendant in this present action is amenable to in personam jurisdiction under General Statutes § 52-59b (a)(1) and/or (2).
The next issue is whether the exercise of jurisdiction by this court violates constitutional principles of due process. "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) Frazer v. McGowan,198 Conn. 243, 252, 502 A.2d 905 (1986). In this present case, there is a causal connection between the defendant's forum-directed activities and the plaintiffs' lawsuit." Thomason v. ChemicalBank, 234 Conn. 281, 290, 661 A.2d 595 (1995). The exercise of jurisdiction must be both "reasonable and just." Id., 300.
There is nothing unreasonable or unjust about requiring the defendant to defend this suit in this jurisdiction. The defendant voluntarily and for a fee undertook to represent the purchasers of a business located in this state. If all the legal representation by the defendant had occurred in New York, it might well be a closer call. In this case, however, the penultimate event, the closing, where the contract of purchase was signed and the terms thereof negotiated, took place in this state where the business itself is located.
Because General Statutes § 52-59b (a)(1) and/or (2) permits the exercise of long arm jurisdiction over the defendant, and the due process clause of the federal constitution does not preclude such jurisdiction, the motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of February, 2000.
William B. Lewis, Judge