[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#104)
The creation of a trust agreement authorized by, submitted to and under the supervision of the New Haven Probate Court, all facts apparent from the face of the complaint, constitute trade or commerce within the meaning of § 42-110a (4) of the CUTPA statute. The facts relied upon by the plaintiff which the defendant argues are outside the allegations of the complaint are not necessary for this determination. To conclude otherwise would exalt form over substance. Regardless of the location of the trust corpus or where the trust is administered the legal creation of that trust and its continuing supervision are in the New Haven Probate Court as shown by Paragraph 10 of the complaint with its supporting Exhibit C. The defendant or its predecessor agreed to allow no withdrawals without permission of the Probate Court.
The defendant correctly asserts that Zartolas v. Nisenfeld, 184 Conn. 471
(1981), did not involve an interpretation of trade or commerce within the meaning of CUTPA. CUTPA is a remedial statute. Certainly trade or commerce should be no less restrictive than the personal jurisdiction requirement of transacting business. By analogy, the purposeful submission of even one trust agreement to a Connecticut Probate Court constitutes trade or commerce at least as the distribution of a service in this state if not as a "thing of value." Burket v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65 (1990), is not factually or legally applicable. Moreover, the text of § 42-110a (4) expressly includes distribution of a service.
Moreover, contrary to the defendant's claim HD Wireless LimitedPartnership v. Sunspot et al. (United States District Court, District of Connecticut, Civil No. H-86-1026, February 24, 1987, Dorsey, J.), is informative to the extent Judge Dorsey interpreted the meaning of trade or commerce within CUTPA. Judge Dorsey stated:
 Defendant's argument that plaintiff may not rely on the violation of CUTPA, as it only applies to acts committed within the state, relies on CT Page 2000 an overly narrow interpretation of the meaning of "trade" or "commerce." CUTPA does not necessarily require that the violation occur within the state, only that it be tied to a form of trade or commerce intimately associated with Connecticut.
Also, see Uniroyal Chemical v. Drexel Chemical, 931 F. Sup. 132
(D.Conn. 1996); Titan Sports v. Turner Broadcasting Systems,981 F. Sup. 65 (D.Conn. 1997); Diesel Injection Service v. JacobsVehicle Equipment, 23 Conn.L.Rptr. 621 (Conn.Super.Ct. 1998).
That analysis is germane to the issue at hand and no less applicable here particularly because the Connecticut Supreme Court in recognizing the remedial nature of CUTPA has concluded that CUTPA applies to a broad spectrum of commercial activity, that trade or commerce is also broadly defined and that the entire act must be liberally construed in favor of those whom the legislature intended to protect. Larsen Chelsey RealtyCo. v. Larson, 232 Conn. 480, 492 (1995).
Motion denied.
Licari, J. CT Page 2001