[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant makes this motion to dismiss on two bases. First that the defendant is not subject to the personal jurisdiction of this court. Further, that Connecticut is a forum non-conveniens as concerns this litigation.
The facts giving rise to this action are as follows. The defendant Frank Marino is an attorney with offices in the Town of White Plains, State of New York and is a member of the professional Corporation of Marino, Chambers and Lou, P.C., the defendant corporation, also of White Plains, New York.
In the summer of 1992 one Mrs. Camille Horwath, a resident of 650B Heritage Village, Southbury, Connecticut contacted her son-in-law, the plaintiff Matthew Schleindl, of Clinton Connors, State of New York requesting that he assist with various matters, including her financial and legal affairs. Among other things she was concerned that he, Schleindl, investigate the possibility of protecting her assets should she require extensive medical or CT Page 1916 nursing care. There was, at that time, no direct contact between Mrs. Horwath and the defendant(s).
All of the contact between the parties took place in the State of New York. The defendant Attorney Marino drew a trust agreement for Mrs. Horwath. Mrs. Horwath, on April 16, 1991 had given to Mr. Schleindl an unlimited power of attorney, which included "all real estate transactions". Mr. Marino advised Mr. Schleindl that the desire to protect the assets could be accomplished by placing the assets in an irrevocable trust which would pay Mrs. Horwath income for life, as well as to qualify her to receive medical benefits should she develop the need for nursing care, without depleting her assets.
Unfortunately for the plaintiffs, it now appears that under Connecticut law, it is claimed that the ability of the trustee, under paragraph 2(c) of the trust to make discretionary payments, from principal, to the beneficiary Mrs. Horwath, removes the intended exempting of trust principal, and hence is considered an asset of Ms. Horwath. Therefore the principal must be expended prior to the receipt of Connecticut Medicaid. Thus it is alleged that the insertion of this discretionary clause, which was not at the request of any of the plaintiffs, exposes the trust assets to severe depletion or exhaustion.
None of the above transactions took place in the State of Connecticut. All contact between the plaintiff Schleindl and the defendants took place in New York. The trust document is notarized by New York notaries and presumably was executed in New York. The general power of attorney was notarized and presumably executed in New York. The real estate deed transferring the residence of the plaintiff Camille Horwath to the plaintiff Matthew F. Schleindl as Trustee was executed in New York on the same day as the execution of the trust document, September 22, 1992, and was notarized that same day by the same New York notary. The deed and the trust document are part and parcel of the same transaction.
It is clear that the plaintiffs relied upon the defendant Attorney Frank Marino, a New York Attorney, a principal of the New York law firm of the defendant Marino, Chambers, Lou, P.C. of White Plains, New York to accomplish a transfer of assets such as would protect the assets from depletion in the event that she required nursing home or other extensive care and then applied for Medicare benefits. It is further abundantly clear that the CT Page 1917 real estate, the residence of #650B Heritage Village, Southbury, CT was a significant asset of the plaintiff Camille Horwath. The plaintiffs relied upon the direction of the attorney as to whether or not the real estate was to be transferred, and as to the nature and the scope of any such transfer of the real estate.
The Connecticut Supreme Court, in the case of Zartolas v.Nisenfeld, 184 Conn. 471 (1981) determined that an out of state grantor, in transferring real estate located in this state, does in fact transact business in this state. General Statutes §52-59b provides as follows:
 (a) As to a cause of action arising from any of the facts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or its execution or his or its administrator, who in person or through an agent (1) transacts any business within the state . . .
 "The term `transact any business' extends beyond the typical commercial enterprise to include the execution of a warranty deed pursuant to a single sale of real property." Zartolas v. Nisenfeld, supra, p. 474.
The court perceives little significant difference between one who motivates the transfer of real estate by directing that the transfer take place, as compared to a person such as the grantor in the Zartolas case who presumably transferred the property as the result of an independent personal decision. The court concludes that for the purposes of the issues in this case the defendants are in fact participants in the real estate conveyance, and that activity constituted doing business in this state. Zartolas v. Nisenfeld, supra.
Further, the trust document itself states "12. Situs. This trust shall be construed and administrated according to the laws of the State of Connecticut". General Statutes § 45a-175
gives to the Probate Courts in this state jurisdiction to supervise the doings of trustees concerning intervivos trusts where the settler, here Mrs. Horwath, is a resident of this state. Hence the creation of this trust is very different than a simple or isolated act over which this state has no continuing interest, obligation, or control.
A second consideration, in determining whether the courts of CT Page 1918 this state can exercise personal jurisdiction is whether the defending of the suit in Connecticut would impose an "undue burden" upon the defendants. See Fraser v. McGowan, 198 Conn. 243,253 (1986).
This question is the constitutional side of the common law question of Forum Non Conveniens. The court determines that the location of the defendants in White Plains, New York is so proximate to the borders of the State of Connecticut that there is no significant inconvenience to the defendants in defending the action in this state.
As to the corporate defendants, Marino, Chambers Lou, P.C., 1 Baker Avenue, White Plains, N.Y. As aforesaid the court determines that the corporation, through its agent, servant and employee Frank Marino, did in fact transact business in this state and is subject to the jurisdiction of the courts of this state arising, out of such business. See General Statutes § 33-411(b).
The case of Rosenblit v. Danaher, 206 Conn. 125 (1988) cited and largely relied upon by the defendants is factually inappropriate and does not support the proposition for which it is advanced.
 . . . the proposed action concerned not only events that had occurred in large measure in Massachusetts and arose out of the plaintiff's efforts to rehabilitate real property situated in Massachusetts . . . Rosenblit v. Danaher, supra, p. 140.
The plaintiff has the burden of proof as concerns jurisdiction.
 "The burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54 (1983).
The court finds that the plaintiffs have satisfied that burden.
For the reasons set forth herein, the motion to dismiss is denied. CT Page 1919