[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 104)
On May 17, 1999, the plaintiff, Integrated Corporate Relations Inc. (ICR), commenced an action against the defendant, Allison Stollmeyer. The plaintiff's complaint seeks a declaratory judgment that the defendant has no equity interest in the plaintiff corporation (count one), and an injunction enjoining defendant "from publishing, transferring, disseminating or otherwise utilizing plaintiff's proprietary information and trade secrets" and ordering the defendant "to return forthwith all plaintiff's tangible and intangible personal property." (Count two.)
The plaintiff alleges the following facts in its first count. Negotiations with the defendant began on or about November of CT Page 15205 1998. According to the plaintiff, the defendant initiated the relationship with the plaintiffs by traveling to ICR's office in Connecticut. The defendant began working for ICR on January 1, 1999. At that time, the two parties were in the process of working out an arrangement wherein the defendant would, subject to restrictions and conditions, earn up to 5% of stock in ICR. The plaintiff contends, that despite earnest efforts on their part, the defendant rejected all attempts to finalize the agreement. In May of 1999, the plaintiff terminated her employment and made demand for a percentage interest in the company. On May 20, 1999, the defendant counterclaimed in the Superior Court of the state of California, county of San Francisco. The plaintiff attaches an affidavit of its secretary-treasurer stating facts in support of the above mentioned claims.
The plaintiff opposes defendant's motion to dismiss on the grounds that General Statutes § 52-59b[1] confers jurisdiction over the defendant and that the defendant has sufficient contact with the state, which would lead to a reasonable expectation and belief that defendant would be subject to suit. The defendant replied to plaintiff's opposition wherein she restated her original jurisdictional objection and, in addition, argues that the court should dismiss this case on the grounds of forum nonconveniens.
Pursuant to Practice Book § 10-31, a motion to dismiss shall be used to assert lack of jurisdiction over the person. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. PamelaB. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
The defendant argues that in October of 1998, she entered into preliminary negotiations with the shareholders of the plaintiff corporation. The defendant contends that she agreed to work for the plaintiff corporation, but it was understood that CT Page 15206 she would not be required to report to, or work in Connecticut. She was to reside and work in San Francisco, California. In addition, the defendant was to receive 5 percent ownership in ICR upon signing a shareholder agreement and would have an opportunity to purchase an additional 5 percent in the future. According to the defendant, the shareholders of ICR subsequently never executed a shareholder agreement which contained the terms of their oral agreement. The defendant terminated negotiations with ICR and did not obtain any shares of stock in ICR.
When a defendant challenges the court's long arm jurisdiction, the court engages in a two-pronged analysis. First, the court must apply the applicable state long arm statute.Knipple v. Viking Communications, 236 Conn. 602, 606,674 A.2d 426 (1996). If these statutory requirements are met, the court then must decide whether its exercise of jurisdiction over the defendant would violate constitutional principles of due process. Id.
 Long Arm Jurisdiction
General Statutes § 52-59b authorizes long arm jurisdiction over nonresident individuals. The statute provides in pertinent part:
 ". . . a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, . . .; or (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state." General Statutes § 52-59b(a).
The defendant contends in her memorandum in support of her motion to dismiss, that, regarding subsection (1) of the statute, "[she] does not solicit business within Connecticut in any CT Page 15207 consistent or inconsistent manner and does not receive revenue from goods or services rendered in Connecticut." Significantly, the term used in the first subsection, "transacts any business," has been interpreted by case law to include the very sort of business that occurred between plaintiff and defendant. SeeZartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 179 (1981).
In Zartolas v. Nisenfeld, supra, 184 Conn. 474, the defendants conveyed property situated in Connecticut to the plaintiff by way of a warranty deed that was executed in Iowa. The plaintiff sued for breach of warranty and the defendants moved to dismiss for lack of personal jurisdiction because they were served in Iowa. Id., 472-73. The court reversed the decision of the lower court and found jurisdiction over the defendants because "[t]he defendants' purposeful Connecticut related activity suffices to locate this transaction of theirs within this state . . ." Id., 475. There, the court stated:
 "The General Statutes do not define what the phrase `transacts any business' means in the context of § 52-59b. We note, however, that in enacting § 52-59b, the legislature used New York Civil Practice Law § 302 (McKinney 1980-81 Sup. ) as a model. . . . We therefore find pertinent the judicial interpretation given to that New York statute. . . . In accord with that interpretation, we construe the term `transacts business' to embrace a single purposeful business transaction. George Reiner Co. v. Schwartz, 41 N.Y.2d 648, 363 N.E.2d 551 (1977). . . ." (Citations omitted; emphasis added.) Id., 474.
In the George Reiner case, the New York Court of Appeals found jurisdiction over a nonresident defendant who worked outside of New York and came to New York only one time to negotiate an employment contract with the plaintiff company. SeeGeorge Reiner Co. v. Schwartz, supra, 41 N.Y.2d 648. A purposeful business transaction is one in which the defendant has engaged in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. Doe v.American National Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997)
In paragraph 13 of her affidavit, the defendant attests that she "did travel to Connecticut on two (2) or three (3) occasions for the purpose of negotiating and finalizing the terms of the shareholder agreement with the principals of the plaintiff CT Page 15208 corporation." In addition, the affidavit of John P. Flanagan attests that the defendant worked in ICR's Westport, Connecticut office in connection with her employment on three separate occasions. Consequently, since the defendant admittedly engaged in more than a single purposeful transaction, the requirements of General Statutes § 52-59b have been met.
 Due Process
The due process clause of the fourteenth amendment to the United States constitution operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. Panganiban v.Panganiban, 54 Conn. App. 634, 638, ___ A.2d ___ (1999), citingShaffer v. Heitner, 433 U.S. 186, 198-200, 97 S.Ct. 2569,53 L.Ed.2d 683 (1977). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. Panganiban v. Panganiban, supra, 54 Conn. App. 639, citing Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102,111-12, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp.v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d (1984); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228,2 L.Ed.2d 1283 (1958).
The United States Supreme Court has explained that in the second stage of a due process inquiry, which asks if an assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice, a court determines whether jurisdiction is reasonable under the circumstances of a given case. The court must evaluate the following factors as part of this reasonableness analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.Panganiban v. Panganiban, supra, 54 Conn. App. 640, citingMetropolitan Life Ins. v. Robertson-CECO Corp. , 84 F.3d 560, CT Page 15209 567-68 (2d Cir.), cert. denied, 519 U.S. 1006, 117 S.Ct. 508,136 L.Ed.2d 398 (1996); Chew v. Dietrich, 143 F.3d 24 (2d Cir. 1998). These considerations sometime serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. Burger King Corp. v.Rudzewicz, supra, 471 U.S. 477.
Employing these factors in the present case, this court concludes that the defendant would not be unduly burdened by having to travel across the country to appear in court. The defendant traveled to Connecticut on at least two other occasions to negotiate the shareholder agreement. Similarly, in Panganibanv. Panganiban, supra, 54 Conn. App. 634, the defendant, who was the husband in a marital dissolution case, did not reside in Connecticut but traveled to Connecticut several times during the parties' marital separation. There, the court denied defendant's motion to dismiss for lack of personal jurisdiction. In weighing the due process considerations, the court stated that there was nothing in the record to indicate that requiring the defendant to appear in Connecticut would place a burden on the defendant. Id., 641. Additionally, as in the present case, the defendant was represented by counsel in Connecticut at all times. Similarly, inBurger King Corp. v. Rudzewicz, supra, 471 U.S. 462, the Supreme Court found that imposing jurisdiction on the defendant, a resident of Michigan, would not unduly burden him. There, as in this case, the defendant "deliberately reach[ed] out beyond Michigan and negotiated with a Florida corporation. . . ." BurgerKing Corp. v. Rudzewicz, supra, 471 U.S. 479.[2]
Secondly, Connecticut has a substantial interest in adjudicating the case because it involves a Connecticut corporation. Similarly, in Panganiban v. Panganiban, supra.54 Conn. App. 641, the court reasoned that it had a great interest in adjudicating the marital status of the parties, who had lived in Connecticut.
Thirdly, the plaintiff corporation in the present case brought suit in Connecticut because it has a substantial interest in obtaining convenient and effective relief. By contrast, the plaintiffs in the case of Chaiken v. VV Publishing Corp. ,119 F.3d 1018 (2d Cir. 1997), lived in Israel but brought suit in Massachusetts. Id., 1029. There, the court found that convenient and effective relief could not be achieved and that Israel would be a better forum. Id. Here, because the majority of the parties and any witnesses to the negotiations are in Connecticut, the CT Page 15210 plaintiff's interest in obtaining the most convenient and effective relief would be best served by adjudicating the case in Connecticut.
The fourth factor also supports jurisdiction in Connecticut because the interstate judicial system has an interest in obtaining the most efficient resolution of the controversy. See Id. Connecticut is the forum in which the controversy will be resolved most efficiently. Unlike the present case, the plaintiffs and witnesses in the Chaiken case were located in Israel and, thus, the Chaiken court reasoned that "proceedings in Massachusetts will not advance the interest in obtaining the most efficient resolution of controversies." Chaiken v. VVPublishing, Corp. supra, 119 F.3d 1029. In Panganiban v.Panganiban, supra, 54 Conn. App. 641, the court stated that "[a]ll states share a social policy interest in the support of the families resident within their borders. . . ." Here, similarly, Connecticut has a social policy interest in protecting companies conducting business within its borders.
For these reasons, this court concludes that it may exercise personal jurisdiction over the defendant since the statutory requirements of long arm jurisdiction are met and the exercise of jurisdiction will comport with constitutional principles of due process.
 Forum Non Conveniens
The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution.Sabino v. Ruffolo, 19 Conn. App. 402, 405-06, 562 A.2d 1134
(1989). Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Picketts v. International Playtex, Inc.,215 Conn. 490, 500, 576 A.2d 518 (1990), citing Gulf Oil Corporation v.Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The overriding inquiry is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. Accordingly, the trial court, in exercising its structured discretion, should CT Page 15211 place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens claim. Picketts v. International Playtex, Inc., supra,215 Conn. 501-02.
The defendant argues in her reply to the plaintiff's objection to her motion to dismiss that, should she "be forced to defend this litigation in Connecticut, this court will impose a significant financial and time burden on [her]." (Defendant's Reply, p. 13.) When trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, the court may, in the exercise of sound discretion, dismiss the case. Miller v. United TechnologiesCorporation, 40 Conn. Sup. 457, 459, 515 A.2d 390 (1986), quotingPiper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 1296,71 L.Ed.2d 474 (1982). In the present case, the defendant is represented by counsel in Connecticut and would not need to appear frequently in court in this state. Therefore, any financial or time burden on the defendant would not rise to the level of oppressiveness and vexation which would be out of proportion to the plaintiff's convenience.
Similarly, the defendants in Picketts v. InternationalPlaytex Inc., supra, 215 Conn. 490, moved to dismiss on the grounds of forum non conveniens. The "defendants highlighted the difficulties they would allegedly encounter in mounting an affirmative defense, given that all sources of proof [in Canada] . . . were beyond the compulsory process of a Connecticut court." Picketts v. International Playtex, Inc., supra,215 Conn. 496-97. There, the trial court granted the defendant's motion to dismiss and the Supreme Court reversed. See Id., 512. Agreeing with the plaintiff's argument, the Supreme Court found that "the trial court, in emphasizing the hardship to the defendants that might ensue . . . improperly sought to level the playing fieldbetween the parties, instead of giving due weight to theplaintiffs' choice of forum." (Emphasis added.) Picketts v.International Playtex, Inc., supra, 215 Conn. 509. Here, the defendant argues that there is "court congestion in this court" and that the plaintiffs would not be prejudiced by a trial in another forum should Connecticut law be applied. (Defendant's Reply, p. 14.) Nonetheless, the defendant also argues that Connecticut may not have a local interest in the matter such that Connecticut law would be applied. (Defendant's Reply, p. 14.) The CT Page 15212 defendant's argument lacks merit and is merely an attempt to "level the playing field."
The plaintiff in the present case, is seeking equitable remedies in its home jurisdiction. When a litigant properly presents his concerns before a state court, that court should not lightly sweep those concerns under the putative judicial carpet of another state. Connecticut's constitution specifically assures the citizens under its protection that the state's courts will be open for the resolution of their disputes. Conn. Const., art. I, § 10. Sabino v. Ruffolo, supra, 19 Conn. App. 408. Therefore, the plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant. Picketts v.International Playtex, Inc., supra, 215 Conn. 501, citingCorrigan v. Bjork Shiley Corporation, 182 Cal.App.3d 166, 176,227 Cal.Rptr. 247 (1986).
Since both the private and public interest factors do not strongly weigh in favor of the defendant such that the plaintiff's choice of forum should be disturbed, the defendant's motion to dismiss on the ground of forum non conveniens should be and is hereby rejected.
For the above reasons, the court may exercise jurisdiction over the defendant. The statutory requirements of long arm jurisdiction are met and the exercise of jurisdiction over the defendant would not violate constitutional principles of due process. Additionally, the facts do not support disturbing the plaintiffs choice of forum. The defendant's motion to dismiss is therefore DENIED.
MELVILLE, J.